### BYRD R. ROGERS V. ROBERT BROADNAX.

The case of Rogers v. Broadnax, 24 Tex. R., 538, cited and approved.

It was *held* that the defendant on the second trial had not brought himself within the rule laid down in the opinion delivered on the former appeal, and that the verdict in his favor was unsupported by the evidence.

A purchaser executed his notes for the purchase money of land, payable when the vendor should cancel and discharge an outstanding title for a part of the land so purchased; in a subsequent arrangement he took up the notes and executed others of different dates and amounts; being sued thereon he pleaded in bar the conditions upon which the first notes were executed; under these circumstances, it was *held* error for the court to charge the jury, that if they believed that the purchaser never intended to alter or change the original contract other than giving up the first notes and executing new notes of different dates and amounts, then his defence was good and they must find for the defendant.

The rule by which the jury should have been governed in such a case is, not the intention of the maker of the notes, but the understanding of the parties to the new arrangement and of those who were acting upon and interested in it.

A memorandum signed by a party to the new arrangement at the time the new notes were executed and reciting the assignment of the notes to a third party by the payee, and the disposition that was to be made of them, all being done in the presence of the maker and with his consent, was *held* to form a part of the *res gestæ*.

APPEAL from Gonzales.    Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court, reversed and remanded, (24 Tex. R., 538,) to which reference is made for the facts introduced in evidence on the first trial.    On the second trial the pleadings were the same; the same facts were also in evidence; on the second trial the defendants introduced no additional facts of a material character; the plaintiff introduced additional testimony strongly tending to prove that the execution and delivery of the notes sued on by the defendant Broadnax were the result of a new arrangement made between Means, the payee, and H. H. Marshall, the agent of Wooten and Clark, with the knowledge and consent of Broadnax, and were free and independent of the

agreement entered into between Means and Broadnax on the 2nd of April, 1853.

On the trial the plaintiff offered to read in evidence a receipt signed "H. H. Marshall, attorney and agent of Wooten and Clark, executors of E. B. Miller, deceased," dated the same day on which the notes sued on were executed; which recited the receipt of the notes sued on and others from William Means, and the terms and conditions upon which they had been assigned to Clark and Wooten. The defendant objected to the reading of the receipt; the objection was sustained and the plaintiff excepted.

The court charged the jury as follows, to wit:

"If you believe from the evidence that at the time the notes sued on were executed by Broadnax and assigned to Wooten and Clark, the original contract between Means and Broadnax was understood by Broadnax to be abrogated and a new contract made without any of the conditions of the first contract, then the defendant would have surrendered his defence, and you should find for the plaintiff the amount of the notes sued on with interest from maturity.

"But if you believe that in all the subsequent arrangements between the parties Broadnax never in any manner consented to abrogate the original contract with Means, or he never in any manner intended to change or alter the first contract in any manner, other than the simple giving up the first notes and the execution of new notes in different amounts and due at different times, and that the Quarles claim is still an outstanding and subsisting claim against the land for which the notes were given; then the defence of the defendant would be good and you should find for the defendant."

Verdict and judgment for defendant. Motion for new trial overruled. The plaintiff appealed.

*Hancock & West and Harwood*, for appellant.

*Stewart*, for appellee.

MOORE, J.—The verdict in this case is not only unsupported by the evidence, but is directly contrary to it. When this case

was before this court on a former appeal, (24 Tex., 538,) it was held, that the burden of establishing the alleged relation between the notes sued on and the prior arrangement between Broadnax and Means, upon which he relied as a defence, devolved upon Broadnax. It was said by the court: "But the notes were given on the 13th of December, 1854, and are payable at different times, and in different amounts, from those stipulated in the agreement of the 2nd of April, 1853; and *prima facie*, they were the *result of some new arrangement concerning the payment for the land*, or had relation to some other transaction. The burden of showing that these notes did not relate to some other transaction, and *that they contemplated no new arrangement about the land, and that they were understood by the parties to be given in pursuance of, and in subserviency to the limitations and restrictions of the agreement of 2nd of April*, 1853, rested on Broadnax; and to establish this, he was compelled to resort to other evidence, than that which the face of the notes imports, so as to explain the circumstances and understanding under which they were given." Notwithstanding this clear and forcible exposition of the law of the case by this court, upon its trial in the District Court, the defendant Broadnax not only failed to offer any testimony to sustain his alleged defence, but on the contrary, the testimony offered by the opposite party seems to have clearly disproved it. Under these circumstances it appears difficult to account for the verdict, though it was probably caused by the loose and inaccurate charge of the judge, from which the jury may have inferred, that, if they believed that Broadnax intended, in his own mind, when he executed the new notes, to claim the benefit of the stipulations which were embraced in the original contract between himself and Means, they were authorized to conclude that Broadnax was still entitled to avail himself of this agreement. The rule, however, by which they should have been governed is clearly, not the mere intention of Broadnax, but the understanding of the parties to the new agreement, and those who were acting upon and interested in it.

The record does not disclose the ground upon which the receipt or memorandum, given by Marshall to Means at the time the notes

were given, was excluded from the jury, and no reason has been suggested to the court by counsel why it should have been done. This paper seems to have been a part of the *res gestæ*, and, for aught that appears in the case at present, might have been admitted as evidence as such. Although it was not delivered to Broadnax, or executed by him, yet it formed a part of a transaction in which he was a party, and he was shown to have been fully cognizant of its contents, and the purpose for which it was executed.

The verdict of the jury being contrary to the evidence, the court below should have granted a new trial; and for its failure to do so, the judgment is reversed and the cause remanded.