SIEMANS & HALSKE ELECTRIC COMPANY OF AMERICA, Respondent, v. GERRIT H. TEN BROEK, Appellant.

### St. Louis Court of Appeals, December 9, 1902.

1. **Promissory Note: CONSIDERATION: LIABILITY OF PARTIES.** The surrender of a note is a good consideration for the making of another.

2. ———: ———: ———: INDORSER: MAKER OF NOTE. When a note is surrendered and a new one given, the new note is a new contract and not a continuation of the old one; and the question of the liability of a party thereto as maker or indorser must be ascertained from the position his name occupies on the new note, without regard to the nature of his liability on the old one.

3. ———: ———: ———: ———: EVIDENCE: PRESUMPTION. When there is no evidence that it was understood when a party signed a note that he signed it as an indorser, or that he should be treated as an indorser, the presumption of law is that he signed it as a maker.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

*H. M. Wilcox* for appellant.

A renewal note is a renewal of the contract under which the original note was given. It is subject to the same defenses and is protected by the same rules, as the original. Coming v. Leedy, 114 Mo. 454; Hunt v. Rumsey, 83 Mich. 136; Bank v. Plankington, 27 Wis. 177; Bank v. Orchard, 39 Neb. 485; Schutt v. Evans, 109 Pa. 625.

*Lee W. Grant* for respondent.

Whatever may be the law in other States, the law has been well settled in this State for sixty years that where a person other than the payee puts his name on

the back of a note, his liability is prima facie, that of a co-maker. It is equally well settled that if he desires to prove that it was the agreement between the parties that his liability should be that of an endorser only, the burden of proving such an agreement is on him. Lewis v. Harvey, 18 Mo. 74; Cahn v. Dutton, 60 Mo. 297.

BLAND, P. J.—In the spring of 1899, the Holland Building Company, a corporation, was insolvent and in the hands of a receiver. The appellant was its president. In settlement of a part of plaintiff's claims the Holland Building Company, by its president, executed to plaintiff four promissory notes of $100 each. Each of the notes were, before delivery, indorsed on the back by appellant and L. C. Spooner. Two of the notes were paid by the Holland Building Company. The other two notes were protested for non-payment, and notice thereof duly given to the appellant and Mr. Spooner. Subsequently one of these notes was paid by appellant and the other was surrendered up and a new note given for the same amount, signed and indorsed as was the original. This note was not paid at maturity nor was it protested for non-payment, nor was notice of its non-payment given to appellant.

The suit, which is on this note, was commenced before a justice of the peace, where judgment was rendered by default against the Holland Building Company and appellant. Mr. Spooner was not made a party to the suit. An appeal was taken by Ten Broek to the circuit court, where, on a trial anew, judgment was again rendered for the plaintiff, from which Ten Broek appealed.

The contention of appellant is that he indorsed the original notes on the back thereof as an indorser and not as a maker and that it was so agreed and understood by him and plaintiff's agent who took the original notes. Ten Broek's evidence tends to prove that such was the understanding. His evidence and the fact that he was treated as an indorser and not as a maker by the plaintiff (evidenced by the fact that plaintiff had the original

note protested for non-payment and notice given thereof to Ten Broek), we think, tends to overthrow the presumption that he indorsed the original notes as a maker.

The trial court by its declarations of law held, in substance, that it was immaterial in what capacity appellant indorsed the original note; that his liability became absolutely fixed when the note was protested for non-payment and that in the absence of an agreement that he was to be held as an indorser only on the renewed notes, the law presumed him to be a maker. The correctness of this ruling is the only material question to be considered.

The surrender of one note is a good consideration for the making of another one. 1 Randolph on Commercial Paper, sec. 459. Appellant's liability on the surrendered note, whether he be regarded as maker or indorser, was fixed and absolute. The surrender of the original note was, as to him, a good consideration for his making the new one.

As a general proposition the renewal of a note is not payment. 3 Randolph on Commercial Paper, sec. 1511; 2 Daniels on Negotiable Instruments, p. 289; Appleton v. Kennon, 19 Mo. 637; Leabo v. Goode, 67 Mo. 126; Montgomery County v. Auchley, 103 Mo. l. c. 506; Reyborn v. Mitchell, 106 Mo. 365; Commiskey v. McPike, 20 Mo. App. (St. L.) 82; State ex rel. Crider v. Wagers, 47 Mo. App. (K. C.) 431. But where the old note is cancelled and surrendered to the maker on delivery of the new one, it seems to us this would be strong presumptive evidence that the agreement of the parties was that the old note should be extinguished by the new. However, we do not think it important in this case whether the agreement between the parties was that the old note should be extinguished by the new, or that it should continue in force with the right to sue on it suspended until after the maturity of the new note. The new note was a new contract, not a continuation of the old one, and is free from any conditions expressed in the old (Rogers v. Broadnax, 27 Tex. 238; 1 Randolph

on Commercial Paper, sec. 94) and must be interpreted by its own terms and the liability of the defendant as maker or indorser be ascertained from the position his name occupies on the note. To resort to the old note alone to ascertain these facts would be to deny the parties the right to make a new contract and to engraft upon the new note a condition in the old which does not appear on the face of the new, and which the defendant did not offer to establish by any oral evidence. The onus was on him to prove that he did not sign the note as a maker and he failed to show it.

If any inference is to be drawn from the previous dealings between the parties in respect to the capacity in which the defendant signed the new note, we think the inference should be made that he took upon himself the same obligation that he was under when he signed the new note, i. e., a fixed and unconditional obligation to pay the debt. But we do not think a resort should be had to the old note for the purpose of explaining or qualifying the fact that prima facie the defendant is a maker of the new note.

The only bearing the old note has on the new is in support of its consideration and validity, and to this extent only can the new note be affected by the old. There is no fraud or want of consideration pleaded and, hence, the new note is in nowise affected by the old. It is a new contract between the same parties, supported by a good consideration, and their relations to it must, under the pleadings, be solved independently of the old note. There is no evidence that it was understood when appellant signed the new note he signed it as an indorser or that he should be treated as an indorser. The presumption of law is that he signed it as a maker. Lewis v. Harvey, 18 Mo. 74; Cahn v. Dutton, 60 Mo. 297.

There being no evidence to overthrow this presumption, the learned circuit judge correctly held him liable as a maker and the judgment is affirmed. *Barclay* and *Goode, J. J.,* concur; the former concurs in the result.