O'NEIL v. GRAVES et al.   (No. 7801.)

(Court of Civil Appeals of Texas. Galveston. April 15, 1920. Rehearing Denied May 13, 1920.)

1. Divorce &ggkey;308—Wife entitled to entire income of fund set apart for son's support by agreement entered in judgment.

Under agreement settling property rights of divorced parties and providing for deposit by husband of fund for support and education of minor son, which was approved and entered as part of divorce judgment, wife held not required to file reports or vouchers of expenditures for son, case not being controlled by the guardianship statute, particularly Rev. St. art. 4185, and she being entitled to receive all income, and not merely what was necessary for son.

2. Divorce &ggkey;249(2)—Acts of parties under agreement relative to property rights chief consideration in construction.

In an effort to get at the mutual intent of divorced husband and wife in an agreement set-

tling property rights, their acts under the agreement—that is, their own construction of it—is the dominating consideration.

Error from District Court, Harris County; Chas. Eashe, Judge.

Petition by Angela M. O'Neil Graves and another that O. M. Duclos, as trustee, be required to pay her all the interest received by him from a fund set aside by her husband, John O'Neil, on their divorce pursuant to agreement as to property rights for the support of a child resisted by John O'Neil. To review judgment for petitioner, defendant O'Neil brings error. Affirmed.

Vinson, Elkins & Wood and C. M. Hightower, all of Houston, for plaintiff in error.

Sewall Myer, of Houston, for defendants in error.

GRAVES, J. On October 19, 1909, the Eleventh district court of Harris county, in divorcing John and Angela M. O'Neil, at the same time approved and entered as that part of its judgment their written agreement disposing of their property· interests and the custody, support, and education until his majority of their only child, an infant son, Norman William O'Neil.

That agreement in full was as follows:

"The parties to the above numbered and entitled cause, acting herein through their respective attorneys of record, do hereby make and enter into the following agreement respecting their property rights and the custody, support, and education of their minor son, Norman William O'Neil, and agree that in the event the court should grant a divorce to the plaintiff herein that a judgment may be entered respecting their property rights and the custody, support, and education of the minor child, Norman William O'Neil, in accordance with the following agreement:

"I. It is agreed that the plaintiff and the defendant own and possess no community property of any description, and that all property, real and personal, now owned or held by the defendant, John O'Neil, wherever the · same may be situated, is . his separate property and estate.

"II. It is agreed that the custody of the minor child of plaintiff and defendant, Norman William O'Neil, may be awarded to the plaintiff, and that she be the custodian of said minor child, and shall be regarded as the guardian of the person of the said minor child during his minority.

"III. It is agreed that the plaintiff, Angela M. O'Neil, is not possessed of any property or income sufficient to maintain and support the minor child of the plaintiff and defendant, or to pay her attorney's fees in this case.

"IV. In order to provide for the proper support, maintenance, and education of said minor child, Norman William O'Neil, during his minority, it is hereby agreed that the defendant, John O'Neil, shall pay into the registry of this court the sum of $10,000 to be applied to the support, maintenance, and education of said minor child, upon the following terms and in accordance with the following stipulations, to wit:

"(a) The parties hereto shall agree upon some person or corporation to be appointed by this court as trustee for the estate of said minor child, Norman William O'Neil, and which trustee when so appointed shall have the custody and management and disposition of said sum of $10,000 and the revenues produced therefrom under the direction of the court and in accordance with the terms of said agreement. and in the event the parties cannot agree upon a trustee then the court shall appoint a suitable person or corporation as such trustee, but it is expressly agreed and understood that neither the plaintiff nor the defendant or any relation of either the plaintiff or of the defendant shall be so appointed as said trustee either now or hereafter, and both parties hereto expressly waive their right to such appointment.

"(b) Such trustee shall give a bond in the sum of $12,000 payable to Hon. C. E. Ashe, judge of the Eleventh judicial district court of Harris county, Tex., and his successors in office, conditioned upon the faithful performance of his duties as such trustee and upon the approval of such bond by the court an order may be entered directing the clerk of this court to pay over said sum of $10,000 to said trustee.

"(c) It shall be the duty of said trustee when appointed to invest said sum of $10,000 in the same manner and under the same circumstances as is now or hereafter provided by the laws of the state of Texas relating to the guardianship of estates of minors, except that the applications for authority to make loans of said fund shall be made to the judge of this court or his successors in office and shall be authorized and approved by this court instead of the probate court, it being the purpose hereof to have said fund managed, loaned, or invested under the direction of this court under the same circumstances as guardians of estates or minors· are permitted by law to manage and invest the funds belonging to their wards under the probate laws of the state of Texas. The revenues derived from such investment shall be by said trustee paid over to the plaintiff to be applied by her to the support and maintenance and education of said minor child, Norman William O'Neil. In the event of the· death of the plaintiff before said minor child reaches the age of 21 years, then this court shall appoint some suitable person as the guardian of the person of said minor child, and in that event said trustee shall pay said revenues for the support and maintenance and education of said minor child to such guardian of its person for the same purpose.

"(d) Should it become necessary at any time during the minority of the said Norman William O'Neil to use any portion of the principal of said sum of $10,000 to defray any necessary expenditure of said minor, application may be made to the district court of Harris county, Tex., for the Eleventh judicial district, either by said trustee or the mother or guardian of the person of said minor child, for authority to do so, which application shall set forth the amount of the principal deemed necessary to be so used and the purposes for which it is to be expended, notice of said application shall be given to the defendant, John O'Neil, or to any attorney or agent designated in writing by him

to the trustee, or in the event of the absence of the said John O'Neil and his failure to designate an attorney or agent to whom such notice shall be given, then notice of such application shall be given by written notice from said trustee addressed to the said John O'Neil by registered mail to the address which shall be by him furnished in writing to said trustee, said notice to be given ten days before said application is heard and acted upon by the court, and the said John O'Neil shall thereupon have the right to appear and contest any such proposed expenditures. Upon hearing said application the court shall make its order either declining the same or directing such expenditures. and fixing the amount thereof, together with such stipulations with reference to the making of such expenditures as the court may deem proper in the premises; it being the purpose and intention of the parties hereto that said principal sum of $10,000 nor any portion thereof shall never be used without the approval of the district court of Harris county, Tex., for the Eleventh judicial district, in ;the manner aforesaid.

"(e) When said minor child, Norman William O'Neil, reaches the age of 21 years or upon his death, if he should die before reaching the age of 21, then said principal sum of $10,000, or so much thereof as shall remain unexpended, shall be by said trustee returned to the said John O'Neil or his legal representative or heirs or assigns.

"(f) In the event of the death, resignation, or inability to act or refusal to act of the trustee hereinbefore provided for, then the judge of the district court for the Eleventh judicial district of Harris county, Tex., shall appoint his successor in the same manner and under the same circumstances as hereinbefore provided for the appointment of said trustee in the first instance.

"(g) It is further expressly agreed and understood that the trustee, whose appointment is hereinbefore provided for, or his successor, shall annually file with the district clerk of the district court of Harris county, Tex., a detailed report showing the manner in which said fund of $10,000 has been invested, the receipts from such investment, and the disposition made thereof, accompanied by proper vouchers as fully as is now required by the laws of this state in case of guardians of the estates of the minors, except that notice of filing of said report shall be given to the said John O'Neil in the same manner as is hereinbefore provided in case of application for the expenditure of any part of the principal sum of $10,000.

"(h) It is expressly agreed and understood that it is not the purpose or intention of the parties hereto that title to the said sum of $10,-000 shall be· divested out of the said John O'Neil, except as it may become necessary for the support, maintenance, or education of the said minor child, Norman William O'Neil, made in the manner and under the stipulations hereinbefore set forth, but the title to said sum of $10,000 shall remain in the defendant, John O'Neil, subject only to the necessary expenditures of any portion of the principal sum thereof which may be made by and with the approval of said district court in the manner aforesaid.

"V. It is further agreed by and between the parties hereto that the order heretofore entered by the district court of Harris county, Tex., for

the Sixty-First judicial district, requiring the defendant, John O'Neil, to enter in a bond for the sum of $20,000 for the protection of any community interest which the plaintiff might have in the property of the said John O'Neil, be, and the same is hereby, revoked and set aside, and the said bond canceled, and the defendant and the sureties upon the said bond shall be· and they are hereby released from further liability thereon upon the payment into the registry of this court of the said sum of $10,000 and attorney's fees and costs, as hereinbefore provided; that the order requiring defendant to deposit $2,500 in the Union Bank & Trust Company, out of which plaintiff was paid $150 alimony per month, shall be vacated, and the residue of which·$2,500 be returned to defendant, except $150 which is due as allowance to the plaintiff, which sum of $150 said Union Bank & Trust Company is hereby ordered to pay to plaintiff or her. attorneys of record.

"VI. The defendant, John O'Neil, hereby agrees to pay to Messrs. Fly & Daniels and Messrs. Love & Channel, attorneys of record for plaintiff, a reasonable sum as attorney's fees for services rendered and to be rendered in the institution and prosecution of this suit, the amount of the compensation to be paid as attorney's fees to be fixed by the judge of this court and incorporated into the final decree in this cause.

"Witness our hands this 18th day of October, A. D. 1909."

The $10,000 was deposited contemporaneously with the entry of the agreed judgment, and the Texas Trust Company, the first trustee under the quoted stipulations, pursuant to the court's direction, for eight years thereafter managed and invested the fund, duly paying over to the former Angela M. O'Neil, who in the meantime had intermarried with Gilbert R. Graves, all of the revenues derived therefrom for the support, maintenance, and education of the child.

On April 6, 1917, after a hearing at which both. litigants here were parties, and under recitation that no objection was made to the trustee's reports or to its resignation, the court entered a decree permitting this trust company to resign as such trustee upon a showing that it had from time to time during its period of service paid over to Mrs. Graves for the maintenance of the minor all interest accruing upon the fund, amounting to approximately $700 per annum, and "that such payments made to said Mrs. Angela M. O'Neil Graves were proper and authorized under the judgment of this court heretofore rendered in this cause on the 19th day of October, A. D. 1909."

The court then appointed O. M. Duclos, clerk of the district court of Harris county, as trustee, who seems to have discontinued the practice of paying over to Mrs. Graves the entire income from the fund. She thereupon, about October 1, 1917, filed in the same court and cause her petition asking that the new trustee be required to pay to her all·the

interest received by him from the fund as he collected it.

John O'Neil resisted this application, denying that the entire revenue from the $10,000 was necessary for the minor's support, maintenance, and education, averring that $25 per month was a reasonable sum for that purpose, also contending that it was the bounden duty of Mrs. Graves, under the terms of their agreement and of the court's decree based thereon, to file annual itemized statements of her various expenditures for the child's support and maintenance in the same way as guardians of the person of a minor under appointment of the probate court were required to do, except that she was under the district court's supervision, at the same time further alleging that she had never filed an account showing whether or not the revenues so coming into her hands had been properly disbursed for the minor's support and education, and praying that her petition be denied, that the trustee be directed to pay her only such portion of the interest as the court might deem reasonable, and that she be ordered to file the itemized verified accounts referred to, with vouchers attached.

· On hearing the matter, this protest was overruled, and the court on December 6, 1917, entered judgment the material portion of which is this:

"It is considered by the court and so ordered and decreed that O. M. Duclos, clerk of this court, and his successor and successors in trust, shall immediately as any revenue or interest is derived from the loaning or investment of said $10,000, pay · over and deliver the full amount of said revenue and interest to Angela M. O'Neil Graves and take her receipt therefor; and it is further ordered, adjudged, and decreed that the said Angela M. O'Neil Graves shall not be required to file any account or report of the expenditures made by her for the maintenance, education, and support of the minor, Norman William O'Neil, out of said money, unless and until called upon by order of the court so to do, and she shall not be required at any time to make any accounting for any expenditures out of said fund heretofore or hereafter made, unless duly ordered by the court so to do."

John O'Neil appeals, through a number of assignments insisting here, as by means of the procedure applicable there he did in the court below, that error was committed in this refusal to require Mrs. Graves to so account and the trustee to then pay over to her, instead of the entire revenue from the fund, only such amount as the court might find reasonable in the support, maintenance, and education of the minor.

The reason given for this position is that such was not alone the evident purpose and intention of the parties under their quoted agreement of 1909, but is obviously its legal effect also, since its terms made Mrs. Graves guardian of the person of the minor, thereby contemplating that as such she should be controlled by the provisions of our statutes relating to guardianship matters, in so far as applicable, particularly Revised Statutes, art. 4185.

The argument is then extended upon the premise that guardians of the person under our probate laws are only entitled to have so much paid· to them for the support, maintenance, and education of their wards as is reasonably necessary for that purpose.

The issue thus tendered by plaintiff in error was, not that his former wife had ever misused any of the revenues so coming into her hands, nor that she so intended, for he made no charges of that sort, but simply that she was in duty bound to account as under the probate statutes and then to receive only so much of the income from the invested fund as might be held by the court to be reasonably necessary for the purposes specified.

[1] We are unable to take plaintiff in error's view of the matter, concluding rather that the trial court's action was correct. The agreement nowhere requires of Mrs. Graves that she file any such reports or vouchers, and, considered as an entirety, its plain import, we think, is that in consideration of her disclaimer and surrender of any interest in the property then held by him, as well as of her relieving him of any care or duty in the bringing up of their infant son, they mutually determined that a fixed fund of $10,000 would afford a proper income in the mother's hands to be expended as her judgment dictated, for the continuing care, support, and education of the child until its majority, thereby excluding the idea that any lesser sum would afford sufficient returns for the purpose in view. How, then, may it be said that the parties contemplated her being given disposition of less than the whole probable income they both thus had in mind, when to effectuate their object ·she was expressly made exclusive custodian or guardian of the child's person and charged with the sole responsibility of rearing and educating it, under particular stipulation that "the revenues," that is, all of them, "derived from such investment," that is, the lending out of the fixed sum of $10,000, "should be by the trustee paid over to her to be applied by her to the support, maintenance, and education of the minor child?"

Indeed, we think it clearly appears that the makers of this instrument themselves never intended that the mother, in so undertaking to discharge toward the child throughout the long period of its minority the obligations of both parents, should either be expected to do so on less than the full income $10,000 judiciously invested could be made to yield, or be hampered with the necessity of jotting down at the time and then swear-

ing in court to each little item of her expenditures. So far as the evidence shows, plaintiff in error never objected during the entire eight years the Texas Trust Company paid over all the revenues to Mrs. Graves, even acquiescing in the court's finding on discharging that trustee that all such payments were proper and authorized under the judgment of October, 1909, vitalizing their understanding.

[2] In the effort to get at their mutual intent the acts of the parties under their contract—that is, their own construction of it—is the dominating consideration. Keopple v. National Co., 104 Ark. 466, 149 S. W. 75; City of Covington v. Railway Co., 147 Ky. 326, 144 S. W. 17; Welch v. Mischke, 154 Mo. App. 728, 136 S. W. 36 (8) and (9); Corbin v. Booker, 184 S. W. 696; Coleman v. Ford, 195 Mo. App. 554, 193 S. W. 866 (4); Bounds v. Hubbard, 47 Tex. Civ. App. 233, 105 S. W. 56; Rogers v. Broadnax, 27 Tex. 238.

There is no suggestion in this proceeding that the district court was not in position to adequately at all times protect the fund so set apart and to see to it that its full yieldings were devoted to the uses intended. In denying the relief herein sought, it specially retained jurisdiction for that very purpose.

The judgment will be affirmed.

Affirmed.