### BELSTROM v. BELSTROM.
### No. 11060.

Court of Civil Appeals of Texas. Galveston.
Oct. 17, 1940.

Rehearing Denied Nov. 14, 1940.

and provided that appellant should pay to appellee the sum of $150 per month for their support and maintenance until the older daughter, Margaret, married or reached the age of 21 years, after which the amount to be paid for the support of the younger daughter, Bettie Jane, should be $75 per month until she reached the age of 21 years or married. It provided that said payments should continue until changed by written agreements of the parties or by a decree of court, and that if, by reason of decreased financial ability of defendant, a decrease in such allowance should be reasonably necessary, then such allowance, by written agreement of the parties, might be changed from time to time to provide the proper increase or decrease of said payments, and that if said parties did not agree to a modification of said decree that then the amount of such allowance should be fixed by order of the court on proper application of either party.

This decree was based, except for the divorce feature, on a contract entered into by the parties prior to the rendition of the original divorce decree. The provisions of the contract with respect to the custody and care of the children, and the payments of the amounts for their support, are set forth in the decree in the same language as in the contract.

A supplemental agreement was made on July 9, 1937, and on October 13, 1937, appellant brought an action attacking the first judgment. A decree was entered in this action by agreement of the parties confirming the original decree in all respects.

The present action was filed by appellant on August 3, 1938, seeking to reduce the payments to be made under said decree for the support and maintenance of said minor children. Appellant alleged that at the time of the rendition of the original decree he had an earning capacity of $1,000 per month; that at the time of the filing of said action his earning capacity would not exceed $3,000 per year; that for several months he had expended more than $150 for the maintenance and education of his older daughter and that it would be inequitable to require him to contribute anything to the support of his youngest daughter while he was bearing such expenses for the support and maintenance of the older daughter. Appellee, by answer sought an order for contempt and for attorney's fees.

It was admitted by counsel for appellant that he had sufficient liquid assets to care for

J. S. Bracewell, of Houston, for appellant.

Lawler, Wood & Childress, Albert J. DeLange, Frank A. Stamper, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the 11th district court of Harris County denying an application of appellant, Wallace A. Belstrom, for a modification of the terms of a divorce decree which provided for the payment by him of certain sums for the support and maintenance of his two minor daughters.

Judgment in the original action for divorce, which was brought by appellee, Annie B. Belstrom, was rendered on June 21, 1937. It granted appellee a divorce, awarded her the custody of their two minor daughters

the children in such manner as the court might direct.

In a trial before the court, judgment was rendered awarding appellee judgment in the sum of $930.

The court, in its judgment, ordered appellant to pay to appellee the sum of $75 per month for each of said daughters, except that during such months as appellant might have the care and custody of Margaret Belstrom, by consent of appellee, the said payment of $150 should be reduced by $75, leaving a balance of $75 per month which appellant should pay monthly to appellee for the support and maintenance of Bettie Jane Belstrom.

Findings of fact were filed by the court at the request of appellant. Said findings were excepted to by both parties.

The court found, in effect, that the provision in the original decree providing for payments of $150 per month to appellee for the support of said two minor daughters contemplated and provided that $75 per month should be payable on account of each of the daughters severally, subject to the right of the parties to increase the payments in case the needs of the daughters were greater, and to diminish them in case appellant was unable to pay that amount. The court found:

"That it was not contemplated nor provided that said amounts should be diminished unless, on account of greatly changed financial circumstances it should be impossible for Mr. Belstrom to pay said amount.

"That such provisions are reasonable with regard to each of the children and a minimum of $75 per month should be paid by Mr. Belstrom to Mrs. Belstrom on account of the education, maintenance and support of each of them. Mr. Belstrom is amply able to pay said amounts without any financial embarrassment whatsoever."

The court found that the terms of said decree providing for payments to appellee for the support and maintenance of said two minor daughters were based on a contract by the parties on full, adequate and valuable consideration; that there was no ground for change of the contracts and decrees theretofore entered; that the failure of appellant to make certain back payments for which judgment was rendered in favor of the appellee may have been induced by statements made by Margaret Belstrom to him to the effect that appellee would not enforce the provisions of the decree with reference to the payment for her (Margaret Belstrom's) support and maintenance. The court found, however, that appellee had not waived any of the provisions of said contract or decree or any of her rights thereunder and that she was entitled to the relief decreed and that appellant was not entitled to any change of the decrees. He found, however, that appellant was not in contempt; that no grounds for receivership existed, and that he was not liable to appellee for attorney's fees.

Appellant contends that the trial court erred in its constructions of the provisions in said decree, which provided for the payment by appellant of $150 per month for the support and maintenance of his two daughters in that it was contemplated that such sum would be the maximum liability of the appellant as long as conditions were substantially the same as when the original judgment was rendered and that, since conditions had materially changed since the original decree was rendered and appellant was less able to provide for such children than when said decree was rendered, the court abused its discretion in not modifying the decree to meet changed conditions of the respective parents, even though it appeared that appellant was amply able to provide for them.

■ These contentions cannot be sustained. The court's findings that it was not contemplated that the payment by appellant should be diminished unless it was found to be impossible for appellant to pay them; that he was amply able to do so, and that it was contemplated that $75 per month should be paid for each daughter, are amply supported by the evidence.

■ It is the settled rule in this state that it is the primary duty of a father to provide for the maintenance and support of his minor children even though the custody of the children has been awarded to the mother under a divorce decree.

In the case of Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 98, 15 A.L.R. 564, the Supreme Court, speaking through Justice Greenwood, says: "Though both parents are under the duty, legal as well as moral, to support and educate their children during minority, the duty rests primarily in this state, without doubt, upon the father. * * * In pronouncing a decree of divorce, it is within the power of the court to make suitable provision for the maintenance of the children by means of the property of both parents. Where the court has provided for the chil-

dren's support and education in the decree of divorce, such provision excludes liability therefor otherwise than as ordered by the court rendering the decree."

In the instant case two decrees of court were rendered providing for payments by appellant to appellee for the support and maintenance of his two minor daughters. An express contract and agreement was entered into by the parties prior to the rendition of the original decree by the terms of which appellant agreed to pay appellee the amount for which she recovered judgment. The provisions of said contract with respect to the payments for the support and maintenance of said minors are set forth in said decrees in the same language as in said contract.

In the case of Smith v. Blanton, Tex.Civ. App., 240 S.W. 651, 654, a father had agreed to pay $300 a year for the support of his children. On the mother's re-marriage, the father sought custody of the children and a modification of the contract, alleging that said money was not used for the support of of the children. The court in its opinion says:

"The appellant, in his brief, has not attacked the validity of that agreement, and we see no reason why it should not be upheld upon the facts reflected by this record. A divorce does not relieve the father of his natural duty and common-law liability to support and maintain his children. * * *

"And certainly it is competent for one to formally bind himself to perform an obligation which the law has already imposed upon him. * * * We set no reason why Smith and wife could not, upon the eve of their divorce, lawfully contract with reference to those matters. It may be that, where an agreement of this kind has been made by a divorced husband, conditions subsequently might become so changed that in equity he would be entitled to a modification and lightening of the burden assumed; but no such question is here even suggested."

The holding in the Blanton case is followed in the cases of Ashby v. Gibbon, Tex. Civ. App., 69 S.W.2d 445, and O'Neil v. Graves, Tex.Civ.App., 223 S.W. 264.

In the case of Scott v. Fort Worth National Bank, Tex.Civ.App., 125 S.W.2d 356, in which writ of error was denied, a suit was brought by a trustee against a husband to enforce an agreed decree creating a trust fund for the benefit of a child, whose custody had been awarded to his former wife, with a weekly payment of $50 for her support. The husband had agreed to the decree and the payments to the child on which it was based. The court held that a trial court in a divorce decree might award a lump sum for period payments for the benefit of the child out of the separate property of the husband. A judgment for the sum of $17,000 for accrued amounts was upheld.

A like agreement embodied in a divorce decree was upheld by the Commission of Appeals in the case of Johnson v. Johnson, 14 S.W.2d 805

■ We cannot sustain appellant's contention that under Art. 4639a, Vernon's Ann. Civ.St. the court in the instant case was without authority to render judgment against appellant for any sum for the support of the older daughter, since the record affirmatively showed that such daughter is over 16 years of age.

Said Art. 4639a provides in part: "* * * and said Court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years * * *."

While the Supreme Court in the case of Lakey v. McCarroll, 134 Tex. 191, 134 S.W. 2d 1016, has held that said Art. 4639a dealt only with children under 16 years of age, the decree in the instant case is based not entirely upon the provisions of said Art. 4639a, but upon the terms of a pre-existing contract entered into by the parties and embodied in the divorce decree. Under above authorities appellant is bound by the terms of said agreed judgment and the contract on which it is based.

■ Appellee's contention, by cross-assignment of error, that the trial court erred in failing to award appellee reasonable attorney's fees incurred in prosecuting this action and in not appointing a receiver to enforce payment by appellant of the amounts provided for in said decree for the support of his minor daughters, cannot be sustained.

The trial court in his conclusions found that appellant was not in contempt of court in failing to make said payments; that he was not liable for attorney's fees incurred by appellee, and that no ground for a receivership existed, since appellant may have been misled because of statements made to him by Margaret Belstrom to the

618

effect that her mother would waive the payments by appellant with reference to her maintenance and support.

Since the findings of the trial court on which this judgment was based were made upon conflicting evidence, it does not lie within the power of this court to substitute its findings of fact for those of the trial court. Besteiro v. Besteiro, Tex.Com.App. 65 S.W.2d 759; Hewitt v. Green, Tex.Civ. App., 28 S.W.2d 892.

Under the above authorities the judgment of the trial court will be in all things affirmed.

Affirmed.