Alice Crockett BOYD, Appellant,

v.

Ronnie D. BOYD, Appellee.

No. 16624.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1976.

Rehearing Denied March 4, 1976.

Bousquet & McPherson, Thomas G. Bousquet, Houston, for appellant.

Robert I. Peeples, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order of the trial court modifying child support payments. Findings of fact and conclusions of law were filed. The appellant contends that the trial court erred in making certain findings of fact and conclusions of law and abused its discretion by reducing the child support payments ordered in the divorce decree entered in 1972. We affirm.

In the divorce decree appellant was given custody of the three minor children of the marriage, a girl and two boys. Appellee was required to pay $300.00 per month in child support payments. The trial court approved a property settlement agreement dividing substantial real estate holdings. As a part of this settlement agreement appellee agreed to make monthly payments of $700.00 to appellant for the support of appellant and the children. He also agreed to pay the medical, dental and hospital expense of the children in excess of $25.00 per occurrence. In September of 1974, the two boys, with the approval of appellant, went to live with appellee, his wife and her children.

At this hearing on modification of the child support payments, the parties agreed that the husband, appellee, would be made managing conservator of the two boys, and such a provision was included in the court's decree.

At the hearing on this matter appellant testified that she did not believe that she was able to maintain her daughter in the same standard of living as that prior to the divorce without increased support payments. The daughter was twelve years of age at the date of the hearing. Appellant asserts that since her daughter is three years older than she was at the time of the divorce, the cost of supporting her has increased. She testified that the child was becoming a teenager and was very interested in clothing. She also testified that a fair share of the expense of maintaining her home, which should be provided out of the child support payments, together with costs directly attributable to the care of said child would amount to approximately $1,000.00 each month. There is no testimony as to the reasonable cost of supporting the child at the time the divorce was granted.

The trial court found that in the year of the divorce, appellee's net income after taxes was $19,181.00 and that his net income after taxes during the year 1974 was $122,426.00. There is evidence that appellee's income varies from year to year and that his average net income over the last seven years was $51,155.00. There is evidence that his income for the year 1974 was approximately $100,000.00 more than any previous year. He also testified that he expected his income for the current year to approximate $134,000.00. He testified that he estimated that the amount of money required to properly care for Leslie Ann Boyd, his daughter, was the sum of $372.00 per month.

The trial court is given broad discretion in fixing child support payments, and decreasing or increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse

of discretion. *Clark v. Clark*, 496 S.W.2d 659 (Tex.Civ.App.—Waco, 1973, no writ history).

In *Bell v. Sykes*, 521 S.W.2d 752 (Tex.Civ. App.—Houston [1st], 1975, no writ history), this court pointed out that in proceedings to modify the child support payments in a divorce decree the court must consider the provisions of V.T.C.A. Family Code Sections 14.07 and 14.08.

Section 14.07, supra, provides that:

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of . . . support of and access to the child . . .

"(b) In determining the best interests of the child, the court shall consider the circumstances of the parents . . ."

Section 14.08, supra, provides:

"(a) The motion shall allege that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified . . .

"(c) After a hearing and on a finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child, any order or part of an order may be modified, except that an order providing for support of a child may be modified only as to obligations accruing subsequent to the motion to modify."

The judgment in the instant case states the court's finding that the circumstances of the children of appellant and appellee have materially and substantially changed in that the sons are now living with appellee and only the daughter remains with appellant. In his findings of fact the court also finds that the best interest of the children would be served by modifying the prior order of the court to provide that Ronnie D. Boyd should pay the sum of $150.00 per month as support for Leslie Ann Boyd until she attains the age of eighteen years, and in addition he required Ronnie D. Boyd to pay the private school tuition for the said Leslie Ann Boyd. There is testimony that the child attends a private school where the tuition is about $90.00 per month, and that it is contemplated that she will be enrolled in another private school where the tuition will be $270.00 per month.

As a conclusion of law the court stated:

"The court may consider the contractual periodic payments as part of the child support being paid by Ronnie D. Boyd for the support of his minor daughter in this case (rather than examine it as one of his expenses and one item of income of Alice Crockett Boyd)."

The agreement relative to the payment of the $700.00 monthly referred to by the court in this conclusion of law reads:

"In addition to any rights that Respondent may have in the property of Petitioner and Respondent, said property having been equitably divided and partitioned as set forth above, Petitioner, in recognition of the family relationship and in discharge of his obligation of support, does hereby agree to pay to Respondent periodic payments in the sum of Seven Hundred and No/100 ($700.00) Dollars per month for the support of Respondent and the minor children of the parties hereto until the youngest of said minor children attains twenty-one years of age subject to the contingencies hereinafter set out . . ."

One of the contingencies referred to in the above quoted agreement reads:

". . . In the event of Respondent's remarriage, the periodic payments shall be reduced from $700.00 per month to $360.00 per month and further reduced by one-third as each child of Petitioner and Respondent attains eighteen years of age

While appellee testified that he considered the $700.00 payment required by the settlement agreement to be additional child support, the language of the agreement refutes his contention. Appellee testified that the $700.00 amount was agreed to by him for the reason that under the Internal

Revenue Code a payment of alimony could be deducted from his income and would be taxable to the recipient. Thus by paying his wife alimony, which could be used for child support, he could give her money which would otherwise be paid to the government in taxes. By reason of the clause requiring reduction in the payments on remarriage of the wife it appears from the written instrument that it was anticipated that no more than $360.00 of the payment would be applied to the support of the children. We recognize that Mr. Boyd is under a legal obligation to pay the sum of $700.00 to his former wife. She may use such part of that sum as she desires for the support of her daughter. The payment cannot be reduced simply because the wife is no longer required to support the two boys. The court would clearly be within his discretion in determining that Mr. Boyd was in fact paying the sum of $360.00 per month for the support of his daughter in addition to the amount which the court ordered him to pay by the amended decree. In determining the amount of child support which the court would order Mr. Boyd to pay under penalty of contempt the court could consider that he was legally obligated to pay the child's school tuition and medical, dental and hospital bills. Without taking into account the cost of medical and dental expense the court could consider that Mr. Boyd had assumed an obligation to pay a sum approximating $600.00 a month for the support of his child.

It appears from the court's conclusion of law previously mentioned that he in fact considered that Mr. Boyd was legally obligated to pay the sum of $700.00 per month in addition to the medical and educational expense and the amount awarded as child support payments. The total sum arrived at by this process of reasoning would approximate the amount of child support which Mrs. Boyd testified the child required.

The change in the managing conservatorship of the boys from Mrs. Boyd to Mr. Boyd, and the substantial increase in Mr. Boyd's income for the year 1974 and his projected earnings for the year 1975 clearly support the trial court's finding that the best interest of the child required the modification of the prior order of the court. However, the evidence does not require a finding that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified so as to require an increase in child support.

While the amount of support which the trial court ordered Mr. Boyd to contribute to the one child in the custody of Mrs. Boyd was reduced from the $300.00 payment which Mr. Boyd was required to make for the support of three children to $150.00 which he is required to make for the support of one child, in fact the amount of money contributed by Mr. Boyd available for the support of this one child has been increased.

The trial court erred in making the conclusion of law hereinbefore discussed. We conclude from an examination of the whole record that the error was not such as was calculated to cause and probably did cause the rendition of an improper judgment.

The judgment is affirmed.