**Marguerite Emily GRIFFIN, Petitioner,**

v.

**Jimmie GRIFFIN, Respondent.**

No. 12398.

Court of Civil Appeals of Texas, Austin.

March 17, 1976.

Charles E. Blackley, Bartram, Reagan & Burrus, New Braunfels, for petitioner.

Royal K. Griffin, Guerra, Griffin & Clark, San Antonio, for respondent.

PHILLIPS, Chief Justice.

This is a writ of error from a judgment of the district court setting aside a voluntary property settlement entered into by the parties when they were divorced in 1973.

■ The main question presented is whether the trial court erred in declaring null and void, and in setting aside, a prior property settlement agreement entered into by Respondent husband and Petitioner wife, which agreement was adjudged fair and equitable and incorporated by reference into the divorce decree entered by the court. The basis for the court's subsequent judgment was that the payments required of Respondent to be made to Petitioner under the agreement were alimony which is contrary to the laws and the public policy of the State of Texas.[1] We reverse that judgment and remand the case.

Petitioner and Respondent, formerly husband and wife, and the parents of three children, were divorced in 1973. Under the terms of the contract mentioned above, Respondent agreed to pay Petitioner 50% of his future net monthly salary until maturity of the youngest of the three children. Of this amount, 65% would be for child support and 35% for the personal benefit of Petitioner. When the youngest child reaches maturity, the agreement provides that Respondent is to pay the sum of $500 per month to Petitioner for as long as she remains single.

In April, 1975, Respondent husband brought suit in the district court of Comal County, seeking a change in child custody, a reduction in the amount of his child support obligation, and the setting aside of the aforementioned property settlement agreement. Petitioner was duly served, but did not answer or appear at trial, either in person or by attorney. Judgment was rendered declaring the oldest child of Respondent, who had recently married, to be an adult, appointing Respondent as managing conservator of the second of the couple's children, relieving Respondent of the obligation to pay future child support for these two children, and declaring void as alimony the payments designated for the benefit of the Petitioner under the 1973 property settlement.

Petitioner filed writ of error, maintaining that the trial court erred in setting aside the 1973 property settlement agreement incorporated into the divorce judgment.

The question before us is controlled by *Francis v. Francis,* 412 S.W.2d 29 (Tex. 1967), which held that contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State. The Court further stated that amicable settlement by the parties of their property rights should be encouraged, not discouraged, and that such agreements will then have whatever legal force that the law of contracts will give them. Also see *Cornell v. Cornell,* 413 S.W.2d 385 (Tex.1967); *Republic National Bank of Dallas v. Beaird,* 475 S.W.2d 344 (Tex.Civ.App.1971, writ ref.).

We cannot agree with Respondent's contention that property settlement before us provides that the payments are "consideration to the wife" and, consequently, not a distribution of property. From this Respondent reasons that the periodic payments cannot be considered part of the division of the property and were, therefore, correctly described as alimony. In our judgment this argument is without sub-

---

1. *Cunningham v. Cunningham,* 120 Tex. 491, 40 S.W.2d 46 (1931); 75 A.L.R. 1305 (1931).

stance. The decree describes the payments to be made pursuant to the property settlement. They are property, a part of the property settlement and subject to the rule announced in *Francis* and the cases cited above. In *Francis* the Court described alimony as only those payments imposed by court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce.

We hold that the agreement is valid and binding.

■ We also set aside that portion of the court's judgment holding that Respondent has paid $2,956.66, over and above the amount originally required in support payments for the three children. Respondent presented no pleadings to support such a finding and prayed for no such relief. *Mullen v. Roberts*, 423 S.W.2d 576 (Tex.1968). Additionally, it is clear that Respondent was under a continuing duty to pay child support under the terms of the property settlement until entry of a judgment modifying that judgment, regardless of the residence of the children.

■ Although we hold that the provision in the divorce judgment for payments to the Petitioner for her benefit is valid and enforceable, we are unable to determine from the record whether or not the agreement allows by its own terms for a reduction of the Respondent's child support obligations upon the changed conditions found by the district court. We do not reach the issue of whether the district court is empowered to modify contractual child support payments upon finding a change of conditions.[2] Therefore, we reverse the judgment of the district court and remand the case for further proceedings.

Reversed and remanded.

---

**2.** In this connection see *Duke v. Duke,* 448 S.W.2d 200 (Tex.Civ.App.1969, no writ).