**Ronnie D. BOYD, Appellant,**

v.

**Alice Crockett BOYD, Appellee.**

**No. 16748.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1976.

Haynes & Fullenweider, Donn C. Fullenweider, Robert B. Wallis, Houston, for appellant.

Thomas G. Bousquet, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment in favor of Alice Boyd against Ronnie Boyd, her former husband, for past due alimony provided in an agreed property settlement which was approved by the trial court in entering a divorce decree.

Ronnie and Alice Boyd were divorced in 1972. Prior to the entry of the decree they had entered into a settlement agreement dividing the community property between the parties, agreeing that the parties would

request the court to award the permanent care, custody and control of the minor children to Mrs. Boyd providing that Mr. Boyd would pay the sum of $300.00 per month as child support for the support and maintenance of the three minor children until the youngest child attained the age of 18 years or until further orders of the court.

The settlement agreement also contained the following paragraph:

"In addition to any rights that Respondent may have in the property of Petitioner and Respondent, said property having been equitably divided and partitioned as set forth above, Petitioner, in recognition of the family relationship and in discharge of his obligation of support, does hereby agree to pay to Respondent periodic payments in the sum of Seven Hundred and No/100 ($700.00) Dollars per month for the support of Respondent and the minor children of the parties hereto until the youngest of said minor children attains twenty-one (21) years of age subject to the contingencies hereinafter set out  .  .  .  In the event of Respondent's remarriage, the periodic payments shall be reduced from $700.00 per month to $360.00 per month and further reduced by one-third (⅓) as each child of Petitioner and Respondent attains eighteen (18) years of age.  .  .  . Respondent shall have the rights to use such payments as she, in her sole and absolute discretion, may deem necessary and proper for the support and maintenance of herself and said minor children. It is intended by the parties hereto that the periodic payments to be made by Petitioner hereunder be deductible by him for Federal Income Tax purposes under the Internal Revenue Code and includable as income by the Respondent under the Internal Revenue Code."

The agreement further provides as follows:

"This agreement and all the terms and provisions thereof, shall be subject to the approval of the Court and shall become a part of the decree of divorce on the entry of a decree of divorce dissolving the marital relationship between the parties hereto, in the event such a decree is entered."

On the 21st day of December, 1972, a decree of divorce was entered in Cause No. 918,798. This decree contained the following language:

"The Court further finds that Petitioner and Respondent, incident to this Divorce proceeding, have entered into a Settlement Agreement regarding the partition and division of their properties as well as other matters contained therein, which Settlement Agreement has been filed in the above captioned cause and the Court having reviewed said Agreement and the contents thereof and having heard testimony in regard thereto and being of the opinion that such partition and division of the properties of Petitioner and Respondent as set forth in said Agreement are just and equitable, said partition and division is hereby approved by the Court and made a part of this Decree. The Court further finds that in addition to a partition and division of the properties of Petitioner and Respondent, said Settlement Agreement contains their agreement as to other matters such as child support, child custody and periodic payments to be paid by Petitioner to Respondent and the Court having reviewed said Settlement Agreement in its entirety and being of the opinion that it is just and equitable, said Settlement Agreement in its entirety is hereby approved by the Court."

Subsequently two of the children left the home of Mrs. Boyd and went to live with their father. On August 12, 1975, Ronnie Boyd was named managing conservator of these two children. See *Boyd v. Boyd,* 534 S.W.2d 362 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Mr. Boyd then began to withhold $240.00 per month from the $700.00 contractual alimony provided in the settlement agreement. Mrs. Boyd filed suit to recover the delinquent alimony payments.

In his answer to this suit, Ronnie Boyd alleged that Alice Boyd's right to receive the periodic payments for the children's benefit would be as a fiduciary for the

children. He alleged that he had been named managing conservator of said children under the terms of the Family Code of the State of Texas and as a result had a duty to support the two children for whom he was acting as managing conservator as well as the duty to manage the estate of the children and the power to represent them in legal actions. He alleged that from the $700.00 alimony payments provided in the settlement agreement the sum of $120.00 was to be used by Mrs. Boyd for the benefit of each child. He then alleged that he had withheld from the periodic payments the sum of $240.00 for the benefit of the two children in his possession, and he prayed for a declaratory judgment "declaring and construing said agreement and contract for the benefit of the children."

Mrs. Boyd filed a motion for summary judgment, which was answered by Ronnie Boyd. The trial court found that the plaintiff was entitled to judgment as a matter of law in the sum of $1428.00 for alimony accruing prior to February 9, 1976. Accordingly he entered judgment in favor of Alice Crockett Boyd for said sum together with interest at the rate of 9% per annum and costs of court. No specific mention of the prayer for declaratory judgment is found in the summary judgment.

It is well settled in Texas that where a duty to make support payments arises from an agreement of the parties, their rights and obligations in that respect are governed largely by the rules relating to contracts. It is the duty of the court to ascertain the intention of the parties to the contract as disclosed by its provisions and the surrounding circumstances. *Hutchings v. Bates,* 406 S.W.2d 419 (Tex.1966).

A third person may sue to enforce a contractual provision made for his benefit, but to entitle him to enforce such provision it must be shown that the contracting parties intended to make same for his benefit. The intention of the contracting parties in this respect is of controlling importance. *Banker v. Breaux,* 133 Tex. 183, 128 S.W.2d 23 (1939).

It is clear that the parties to the agreement which was incorporated in the divorce decree contemplated that the $700.00 periodic payment would be used for the support and maintenance of Mrs. Boyd and the minor children. It is equally clear that the payments would be made to Mrs. Boyd, to use "in her sole and absolute discretion," as she might deem "necessary and proper for the support and maintenance of herself and said minor children." Under the agreement it was the duty of Mrs. Boyd to include the $700.00 monthly payments as income in her income tax returns. The net amount available for use, therefore, depended to some extent on the taxable income of Mrs. Boyd. A consent judgment which is rendered pursuant to a written agreement becomes a contract between the parties as well as an adjudication between them. The provisions of such a contract, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties. *Brady v. Hyman,* 230 S.W.2d 342 (Tex.Civ.App.—San Antonio 1950, no writ history); *Lee v. Lee,* 509 S.W.2d 922 (Tex.Civ.App.—Beaumont 1974, writ ref. n. r. e.).

Neither the rules of common law nor the provisions of the contract between Ronnie Boyd and Alice Boyd grant Ronnie Boyd authority to withhold from the payments which he is bound to make under the terms of the contract any portion of the money for use of the two boys.

It is clear that some portion of the $700.00 payment was intended by the parties to be used for the support of the two boys under the managing conservatorship of Ronnie Boyd. However the contract provides that Mrs. Boyd shall have the right to use the payment as she in her sole and absolute discretion may deem necessary and proper for the support and maintenance of herself as well as of said minor children. This provision of the contract becomes more significant because a previous provision of the contract stated that the money was to be paid for the support of Respondent and the minor children.

█ There is a fiduciary relationship existing between Mrs. Boyd and her minor children. While the instrument purports to give her absolute discretion as to the uses to which the money shall be put, this discretion is modified by the direction that the money be used for support, and by the duties and responsibilities imposed by law on one who stands in a fiduciary relationship to another.

█ Mr. Boyd sought as a representative of his two sons a declaratory judgment as to their interest in the monthly support payments. The summary judgment evidence discloses that Mr. Boyd is a proper person to assert the rights of the two boys and that a controversy exists as to the proper construction to be given the terms of the contract between Mr. and Mrs. Boyd. The trial court awarded a judgment in the sum of $1,428.00 to Mrs. Alice Boyd, but failed to dispose of the request for declaratory judgment. The money award was, under the summary judgment evidence, proper. The judgment did not dispose of the issues raised by the request for declaratory judgment. The judgment, therefore, is not final and this court is without jurisdiction of the appeal.

Appeal dismissed.