**Woodrow Wilson MIKESKA, Appellant,**

v.

**Kelsie Lynda MIKESKA, Appellee.**

**No. A2072.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 11, 1979.

Gordon N. Bynum, Houston, for appellant.

Reagan S. Redman, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

SALAZAR, Justice.

Appellant, Woodrow Wilson Mikeska, petitions for a writ of error from a decree

granted in an uncontested divorce action wherein the trial judge decreed that appellant shall pay $400.00 per month as child support. That same decree incorporated an agreed property and custody agreement wherein the parties mutually agreed that appellant-respondent would have no fixed obligation to pay any specific amount as child support but shall provide for the sole minor child as he chooses and sees fit. For the reasons that follow, we reverse and remand.

Appellee-petitioner, Kelsie Lynda Mikeska, filed an original petition for divorce on February 1, 1978. On April 13, 1978, appellant signed a waiver of citation and on that same date, the parties signed a "Property and Marital Rights Agreement." No signature by an attorney for either party appears on the agreement.

The divorce decree recites that appellee-petitioner appeared with counsel on April 17, 1978, and that appellant-respondent, having filed a waiver of service, failed to appear either in person or by attorney. The divorce was then granted. The divorce decree was later signed by the trial court on April 26, 1978. Again no signature by counsel representing either party is evident on the decree.

In his one point of error, appellant contends that the part of the judgment concerning child support is so vague, ambiguous, and unintelligible as to constitute error as a matter of law. Appellant complains of the order for appellant to pay the sum of $400.00 per month as child support. The trial court at the same time had specifically incorporated by reference into the decree the property and marital rights agreement which contained the following provision: "Respondent shall have no fixed obligation to pay to Petitioner any fixed amount as child support but shall provide for the child as he chooses and sees fit."

■ Amicable settlement by parties to a marriage pending a divorce regarding property rights and custody arrangements should be encouraged, not discouraged, and such agreements will then have whatever legal force the law of contracts will give

them. *Griffin v. Griffin*, 535 S.W.2d 42 (Tex.Civ.App.—Austin 1976, no writ). It is the duty of the court to ascertain the intention of the parties to the contract as disclosed by its provisions and the surrounding circumstances. *Boyd v. Boyd*, 545 S.W.2d 520 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Where the duty to make support payments arises from an agreement between the parties, rather than being created by a divorce decree based entirely upon the power conferred by Texas Family Code, the rights and obligations of the parties are governed by the rules relating to contracts. *Robertson v. Robertson*, No. B2103 (Tex.Civ.App.—Houston [14th Dist.] June 13, 1979).

■ A consent judgment which is rendered pursuant to a written agreement becomes a contract between the parties as well as an adjudication between them. The provisions of such a contract, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties. *Boyd v. Boyd*, 545 S.W.2d at 523.

It is apparent to this court that the trial court by finding such agreement to be fair and reasonable and incorporating it into the final judgment of the court, created a fundamental conflict between the child support provision in the agreement and in the judgment rendering the judgment unenforceable in this respect. The parties intended to abide by the child support provision in the property and marital rights agreement and appellant, in reliance on the provision stated in the agreement, signed the agreement and the waiver of citation. This is patent to the court from the agreement and the waiver.

■ The child support provision in the decree is vague and ambiguous and unenforceable by contempt. The trial court should take appropriate action to clarify this conflict. We reverse and remand to the trial court for proper action and to clarify the apparent conflict.

Reversed and remanded.

MILLER, Justice, dissenting.

I respectfully dissent. In appellant's only point of error he complains ". . . the judgment concerning child support payments is so vague, ambiguous and unintelligible as to constitute error as a matter of law by the trial court in ordering appellant to pay the sum of $400.00 per month as child support . . .". I do not agree with the appellant's basic contention that there is an irreconcilable conflict in the judgment.

The "Property and Marital Rights Agreement" is expressly divided by numbers into two parts. The first part is entitled "Division of Property." It makes provision for the division of all real and personal property owned at the time of the divorce. The second part is entitled "Custody and Maintenance of Child." It fixes the managing and possessory conservatorship of the child as well as attempting to provide for the support of the minor child. The divorce decree recites that:

(f) That the court finds the petitioner and respondent filed an agreed *property and custody* agreement with the court with the intent that it be incorporated into the final judgment of the court. The court finds the *property agreement* fair and reasonable.

Based on such findings, it is Decreed and *Ordered*:

(1) . . .

(2) That the *property settlement agreement* of the parties be incorporated into this divorce decree as attachment "A";

(3) That the petitioner is appointed managing conservator of the minor child Angela Lynda Mikeska;

(4) That the respondent be appointed possessory conservator of the minor child Angela Lynda Mikeska;

(5) . . .

(6) Respondent shall pay to petitioner the sum of $400.00 per month as child support. (Emphasis supplied).

Although the Texas Family Code encourages the parties to enter into written agreements concerning conservatorship and support of the child, Tex.Fam.Code Ann. § 14.06(a) (Vernon 1976), it also directs in mandatory language that the best interest of the child shall always be primary in determining these questions. Tex.Fam. Code Ann. § 14.07(a). To accomplish the latter, the trial court is not bound to accept the agreement entered into by the parties but may request them to submit a revision or make its own orders. Tex.Fam.Code Ann. § 14.06(b). In the case before us the trial court, in the exercise of its discretion, expressly chose only to adopt the *property and custody* provisions of the parties' agreement. It also expressly found the *property agreement* to be fair and reasonable. It did not, however, accept or adopt the illusory support provision of no fixed obligation but rather chose to make its own order of $400.00 per month and rightly so. Without extenuating circumstances or other compensatory division of the property, neither of which appear of record, it would have been against public policy not to provide an enforceable support order for the child. Both parents have a duty to support minor children. Tex.Fam.Code Ann. § 12.04(3). This duty should not be lightly terminated without good cause reflected in the record.

The trial court in its findings accepted and incorporated only part of the parties' written agreement. In its order it then itemized each question which was under its consideration. It reiterated the property and custody provisions it adopted and made its own new orders as to support. The trial court had the discretion to do both. I would affirm the trial court's judgment.