NUMBER 13-04-002-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




IN RE E.C., JR., AND S.C., CHILDREN




On appeal from the 130th District Court
of Matagorda County, Texas.




MEMORANDUM OPINION




Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Castillo

         This is an appeal from a child support arrearage judgment. See Tex. Fam. Code
Ann. § 157.261 et seq. (Vernon 2002).


 By one issue, appellant Elias Cortines, Sr.
asserts that the evidence is legally and factually insufficient to support the judgment
of arrearage. By one cross-point, the Attorney General of Texas asserts that the
evidence is factually sufficient to support a finding of arrearage but insufficient to
sustain the amount of arrearage ordered.


 We reverse and remand. 
I. Background
         On February 26, 2001, the Attorney General filed a motion to reduce unpaid
child support to judgment. The Attorney General alleged the following: (1) Mr.
Cortines and Avelina Cortines were divorced in 1984;


 (2) the divorce decree ordered
Mr. Cortines to pay child support for the parties' minor children, E.C. Jr. and S.C., in
the amount of $150 semi-monthly;


 and (3) the decree reduced the amount to $75
semi-monthly upon the date the older child reached majority. The parties do not
dispute that Mr. Cortines paid $11,000 toward a prior arrearage calculation. However,
the parties dispute whether the sum settled all accrued child support.
         The Attorney General attached to its motion its calculation of the alleged
arrearage, including the specific dates of unpaid payments. The Attorney General
alleged that Mr. Cortines failed to pay child support as follows:
                  a. Support accrued since 07/20/84             $41,925.00
b. Support paid since 07/20/84$16,625.49
c. Arrears since 07/20/84$25,299.51
d. Interest accrued since 07/20/84$31,830.92
e. Total arrearage as of 02/05/01$57,130.43
By its motion, the Attorney General requested that the trial court confirm the arrearage
and enter judgment with accrued interest. Mr. Cortines filed a counterclaim asserting,
generally, that he entered into an agreement with Ms. Cortines to pay $11,367 to
settle the disputed arrearage. He further asserted that the parties agreed to increase
support for the minor child to $150 per month. Mr. Cortines alleged he made
payments directly to Ms. Cortines and, since the younger child was emancipated, Ms.
Cortines was reneging on their agreement to settle the disputed arrearage. Finally, Mr.
Cortines alleged that the statute of limitations barred recovery of child support
payments due more than ten years from the due date.


 
         The trial court convened a hearing on July 18, 2002. Ms. Cortines testified as
follows on direct:
Q. Okay. We had a chance to look at the motion to reduce judgment
that was filed by the office of the Attorney General; is that right?
 
A. Yes, ma'am.
 
Q. And I showed you what we calculated the arrearage to be including
interest in this cause; is that right?
 
A. Yes, ma'am?
 
Q. I want you to look at it. And could you recite the total arrearage as
of February 5, 2001, for the court.
 
A. It's $57,130.43.
 
Q. Okay. Now, does this . . . balance give credit for $11,000 that was
paid in 1998 to your knowledge?
 
A. Not that I know.
 
Q. It's possible that it would be reduced by $11,000?
 
A. Possibly be?
 
Q. Okay. So, the $16,625.49 that was paid, you're stating that does
not include the 11,000?
 
A. No.
 
Q. That he paid this is in addition to the 11,000 paid in 1998?
 
A. Yes.
 
Q. And you're wanting to give credit for the amount properly paid
through the registry?
 
A. Yes.

The trial court sought clarification of the testimony:
The Court: So, the 57,000 – 
 
[Assistant Attorney General]: It's actually before it's taken off.
 
The Court: So, we need to reduce it by $11,000 what? What was that
number?
 
[Assistant Attorney General]: 11,000 even.

         On re-direct examination, Ms. Cortines acknowledged she sought judgment for
approximately $46,000, including interest, and an order for payments of $300
monthly. On cross-examination, Ms. Cortines agreed she had met with Mr. Cortines
and a representative of the Attorney General's Office on August 25, 1998.


 The two
agreed that $11,367 should be the "retroactive child support" ordered at that time. 
The two signed an "Order for Retroactive Child Support" memorializing their
agreement. The document was admitted in evidence at the evidentiary hearing.
          The document shows the parties' signatures. Although a signature line appears
for the Attorney General's Office, no signature appears. The document contains a
finding that "retroactive child support should be ordered, in the amount of $11,367.00
as of August 25, 1998," with monthly payments of $150, assigned to the Attorney
General. 
         On re-direct examination, Ms. Cortines agreed she did not understand the
difference between "retroactive child support"


 and "child support arrearage." She
testified that Mr. Cortines did not make child support payments for the younger child
"the way it's supposed to be paid." She added that he "paid once in awhile but not
every month like he's supposed to pay." Ms. Cortines further testified that the
younger son was born in October 1980 and was eighteen years old at the time of her
August 25, 1998, meeting with Mr. Cortines. At the time of the hearing, the younger
son was twenty-one years old; he had graduated from high school at the age of
nineteen. 
         Mr. Cortines also testified. He agreed that the parties met in 1998 to discuss
the child support arrearage, and reached an agreement that the total amount due was
"$11,357" in "child support arrearage." He understood that the document, which
each signed, was to be filed with the trial court. He testified he paid the full amount
at the rate of $1,000 monthly, and continued to support his younger child by paying
$150 monthly even after he reached eighteen years of age. He stated he performed
his part of the agreement on arrearage, but was never told the document was not filed
with the trial court. 
         The trial court entered an order confirming child support arrearage which states:



PRIOR ORDER
The Court FINDS that on 6/30/92 THE Court ordered ELIAS CORTINES
SR to pay current child support of $75.00 [semi-monthly] beginning 12-1-92 and thereafter.




JUDGMENT ON ARREARS
 
The Court FINDS and CONFIRMS that ELIAS CORTINES SR is in
arrears in the amount of $25,299.51 as of Aug. 1, 2003. This
includes all unpaid child support and any balance previously owed on
previously confirmed arrearages or retroactive support judgments as of
the specified date. The judgment for this amount is a cumulative
judgment. 
 
The Court GRANTS and RENDERS judgment against ELIAS CORTINES
SR and in favor of the OFFICE OF THE ATTORNEY GENERAL in the
amount of $25,299.51, with interest as provided by law at the rate of
6% per annum, for collection and distribution according to law.

This appeal ensued. 
II. Scope and Standard of Review
          Mr. Cortines appeals and, by its cross-point, the Attorney General complains of
the ruling made in response to the Attorney General's motion to reduce unpaid child
support to judgment. When presented with such a motion, a trial court "shall confirm
the amount of arrearages and render one cumulative money judgment." Tex. Fam.
Code Ann. § 157.263(a) (Vernon Supp. 2004-05); see also Tex. Fam. Code Ann. §
157.005(b) (Vernon 2002) (trial court has jurisdiction to confirm total amount of
arrearages and render judgment for past due child support). Generally, in rendering a
money judgment, the trial court may not reduce or modify the amount of child support
arrearage or interest. See Tex. Fam. Code Ann. § 157.262(a) (Vernon 2002); Williams
v. Patton, 821 S.W.2d 141, 145 (Tex. 1991). The Legislature denied the court the
authority to forgive child support arrearages by providing that the court shall confirm
the amount of arrearages and render judgment for all unpaid child support. Id. at 143; 
Matter of Marriage of Vogel, 885 S.W.2d 648, 651 (Tex. App.–Amarillo 1994, writ
denied). 
         The money judgment for arrearage rendered by the court may be subject to a
counterclaim or offset. See Tex. Fam. Code Ann. § 157.262(f) (Vernon 2002). An
obligor who has provided actual child support during a time subject to an affirmative
defense may request an offset against the claim of the obligee. Tex. Fam. Code Ann.
§ 157.008(e) (Vernon 2002); see In re A.M., 101 S.W.3d 480, 484 (Tex.
App.–Corpus Christi 2002, no pet). While the amount of arrearage is subject to a
counterclaim for offset, the trial court has no authority to reduce or modify the amount
of arrearage in rendering judgment. See Curtis v. Curtis, 11 S.W.3d 466, 471 (Tex.
App.–Tyler 2000, no pet.); Vogel, 885 S.W.2d at 651. Accrued interest is clearly part
of the child support obligation which is to be reduced to a money judgment. See Tex.
Fam. Code Ann. § 157.267 (Vernon 2002).
         In this case, the parties, in essence, challenge the trial court's confirmation of
the arrearages amount. We review the trial court's ruling under an abuse of discretion
standard. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). 
The test for abuse of discretion is whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary or
unreasonable. Id. A trial court's failure to analyze or apply the law correctly
constitutes an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992). A trial court abuses its discretion as to factual matters when it acts
unreasonably or arbitrarily. See Worford, 801 S.W.2d at 109. 
         Generally, unless the complaining party can demonstrate a clear abuse of
discretion, orders arising from a suit affecting the parent-child relationship will not be
disturbed on appeal. Id.; see In re M.E.G., 48 S.W.3d 204, 207 (Tex. App.–Corpus
Christi 2000, no pet.). In determining whether an abuse of discretion has occurred,
we view the evidence in a light most favorable to the court's decision and indulge
every legal presumption in favor of its judgment. Holley v. Holley, 864 S.W.2d 703,
706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). An allegation of legal or
factual insufficiency is not treated as an independent ground of error in this context
because the appropriate standard of review is abuse of discretion. See In re D.S., 76
S.W.3d 512, 516 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)). 
         If findings of fact or conclusions of law are neither filed nor requested, the
judgment of the trial court implies all necessary findings of fact to support it. Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). When a reporter's
record is brought forward, the legal and factual sufficiency of the implied findings may
be challenged on appeal. Id. at 84. 
III. Discussion
         In his sole issue, Mr. Cortines argues that he paid all child support arrearage due
and none is owing. He asserts that the written agreement with Ms. Cortines on
August 25, 1998, in the presence of a representative of the Attorney General,
evidences the true and correct amount of arrearage and he paid that sum in full. The
Attorney General argues that, although the evidence is sufficient to prove that Mr.
Cortines owes some arrearage, the evidence is insufficient to show that the arrearage
amounts to $25,299.51. 
         We turn to the record, mindful that in the absence of findings of fact or
conclusions of law, the judgment of the trial court implies all necessary findings of fact
to support it. See Holt Atherton Indus., 835 S.W.2d at 83. The document
memorializing the parties' agreement is an order for "retroactive child support" and not
child support arrearage. The agreement was not filed with the trial court. Even so,
evidence showed that Mr. Cortines paid $11,000, and Ms. Cortines testified that the
amount sought by the Attorney General must be reduced by that amount.


 
Conversely, Mr. Cortines testified that the parties' agreement fixed the arrearage at
$11,000, and, thus, he met his child support obligation. In its live pleading, the
Attorney General alleged "Arrears since 07/20/1984" totaled "$25,299.51." The trial
court found and confirmed the award in that exact amount. 
         The record before us is scant. Thus, we turn to guiding principles to decide
whether the trial court abused its discretion in confirming the arrearage based on the
record evidence. 
         We first consider Mr. Cortines' argument that the parties' agreement controls
over satisfaction of the arrearage owed. Generally, where the duty to make support
payments arises from an agreement between the parties, rather than from a divorce
decree based entirely upon the power conferred by theTexas Family Code, the rights
and obligations of the parties are governed by the rules of contract. See Hutchings v.
Bates, 406 S.W.2d 419, 421 (Tex. 1966); Griffin v. Griffin, 535 S.W.2d 42, 43 (Tex.
Civ. App.–Austin 1976, no writ). The agreement, however, was not filed of record
and cannot be construed as a Rule 11 agreement. See Tex. R. Civ. P. 11. Similarly,
to promote the amicable settlement of disputes between the parties, the parties may
enter into a written agreement containing provisions for support of the child and for
modification of the agreement, including variations from the child support guidelines. 
See Tex. Fam. Code Ann. § 154.124(a) (Vernon Supp. 2004-05). However, section
154.124(b) requires that the trial court render an order in accordance with the
agreement, if it makes a finding that the agreement is in the child's best interest. See
Tex. Fam. Code Ann. § 154.124(b) (Vernon Supp. 2004-05). In this case the
agreement was not presented to the trial court. 
         Even so, this document was written as an agreement for "retroactive child
support" and not "child support arrearage." Mr. Cortines' uncontroverted testimony
was that the agreement was for arrearage, and Ms. Cortines admitted she did not
know the difference between "retroactive child support" and "arrearage." She also
testified that the $11,000 payment must be deducted from the total sum the Attorney
General sought, which included interest. Ms. Cortines further testified that Mr.
Cortines did not make child support payments as ordered after the August 25, 1998,
meeting. Accordingly, some evidence supported the fact that child support arrearage
accumulated from August 25, 1998, when the parties met, until the time the younger
child graduated from high school at the age of nineteen, or as otherwise ordered by
the trial court.


 Thus, we agree with the Attorney General that some evidence
showed Mr. Cortines owes child support arrearage. 
         We turn to the Attorney General's argument in its cross-point that the evidence
does not support the amount of arrearage that was ordered. The amount ordered is
exactly the amount pleaded by the Attorney General, excluding interest. The trial
court could take judicial notice of its own records. Tex. R. Evid. 201(d); see Holley,
864 S.W.2d at 706 ("The trial court may properly take into consideration the file that
is before it. . . . We presume the trial court took judicial notice of its files."). By
confirming the exact amount alleged in the motion before it, excluding interest, the
trial court could have considered the history of payment and non-payment of child
support in its file. See Tex. R. Evid. 201; see also Holley, 864 S.W.2d at 706. The
trial court could not have abused its discretion if it confirmed the exact amount
requested and the amount was not controverted at trial. These findings are
necessarily implied because this is the only amount that equals the confirmed amount
and the judgment amount. Accordingly, these implied findings are elements in our
review of the record for abuse of discretion. See Beck v. Walker, 154 S.W.3d 895,
902 (Tex. App.–Dallas 2005, no pet.).
         As requested, the trial court confirmed the amount of arrearage and rendered
one cumulative money judgment. See Tex. Fam. Code Ann. § 157.263(a) (Vernon
Supp. 2004-05); see also Tex. Fam. Code Ann. § 157.005(b) (Vernon 2002). In
rendering the money judgment, the trial court had no discretion to reduce or modify
the amount of child support arrearage. See Tex. Fam. Code Ann. § 157.262(a)
(Vernon 2002); Williams, 821 S.W.2d at 145. The Attorney General does not argue
that the judgment excludes interest, and thus the issue, if any, is not before us. See
Tex. R. App. P. 38.1(h). 
         We have viewed, as we must, the evidence in the light most favorable to the
trial court's decision and indulged every legal presumption in favor of its judgment. 
Holley, 864 S.W.2d at 706. On the record before it, the trial court would have abused
its discretion if it had failed to correctly apply the applicable law in this case. The trial
court based the confirmation of arrearage on a sum alleged in the unverified motion
before it. Pleadings, however, are not evidence, even if sworn or verified. See
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex.
1995). The Attorney General did not prove the amount pleaded or the arrearage
owed. The Attorney General must establish the arrearage–the difference between the
payments Mr. Cortines made and the payments required by trial court order. Beck,
154 S.W.3d at 903. 
         Evidence reflects that Mr. Cortines was entitled to the affirmative defense of an
offset for payments made, in particular in the amount of $11,000. See Tex. Fam.
Code Ann. § 157.008 (d)-(e) (Vernon 2002). However, Mr. Cortines only proved
offset in that amount. He did not prove settlement of the full arrearage alleged
because child support continued to accrue after the August 1998 "agreement," either
because the younger son was still in high school or because a court order required it.


 
Ms. Cortines testified that Mr. Cortines was due a credit for child support paid but he
did not pay child support that he was required to pay. Thus, on this record, we
conclude that the trial court confirmed an arrearage amount that was pleaded but not
proved. The trial court did not have discretion to do so. 
IV. Conclusion
         We sustain Mr. Cortines' sole issue. We also sustain the Attorney General's
cross-point. Accordingly, we reverse and remand. See Attorney Gen. of Tex. v.
Stevens, 84 S.W.3d 720, 725 (Tex. App.–Houston [1 Dist.] 2002, no pet.). Only
after the arrearage is confirmed will the trial judge be able to reduce the amount of the
judgment to properly reflect offsets and counterclaims for actual support. Beck, 154
S.W.3d at 904.

                                                               ERRLINDA CASTILLO
                                                               Justice 


Memorandum Opinion delivered and filed this 
the 26th day of May, 2005.