**Coke R. MORRIS, Appellant,**

v

**Mildred L. MORRIS, Appellee.**

No. 7637.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 19, 1966.

Miller, Sanders & Baker, Amarillo, for appellant.

Priolo & Priolo, Amarillo, for appellee.

NORTHCUTT, Justice.

Coke R. Morris and Mildred L. Morris were formerly man and wife. Mildred Morris, as plaintiff, brought suit against Coke R. Morris, as defendant, for divorce, property settlement, custody of their two children and for child support. Prior to a hearing by the court in the divorce suit Mildred L. Morris and Coke R. Morris on April 15, 1964, entered into a contract and agreement as to property settlement, custody of their two minor children and as to child support. In the contract Mr. Morris agreed to pay Mrs. Morris $250 each month as child support. The payments were to continue until their daughter reached the age of 18 which would be until August 31, 1971. On June 19, 1964, judgment was entered in the divorce suit granting Mildred L. Morris a divorce from Coke R. Morris giving her custody of the two minor children and ordering defendant to pay $250 each month for child support and approved the April 15, 1964 settlement. The judgment entered on June 19, 1964, and the contract dated April 15, 1964, are shown in the transcript.

Coke R. Morris, as plaintiff herein, brought the suit here involved seeking a reduction of child support. At the conclusion of plaintiff's evidence the defendant made her motion for judgment. The trial court entered judgment denying the plaintiff any modification of the judgment entered on June 19, 1964. From that order the plaintiff perfected this appeal. Coke R. Morris

will hereafter be referred to as appellant and Mrs. Morris as appellee.

Appellant presents this appeal upon one assignment of error contending the trial court abused its discretion and erred as a matter of law in denying a reduction of child support as prayed for by appellant for the reason that the great weight and preponderance of the evidence adduced warranted a reduction of the child support. There are no findings of fact nor conclusions of law filed herein.

 We agree with appellant that he has placed himself in a rather bad position, but he entered into a contract with the appellee to do a certain thing. There are no pleadings nor evidence to even indicate that the agreement entered into was through fraud, accident or mistake, but clearly shows appellant knew what he was doing and the contract and agreement was approved by the judgment entered on June 19, 1964. The agreement having been entered into by the parties in the absence of fraud, accident or mistake should not be set aside or modified except by consent of the parties. Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177 (writ dism.), and the cases there cited.

It seems to be the contention of appellant that he is entitled to have the monthly payments reduced because the son, whose custody was given to the appellee, had decided to live with appellant and because of appellant's additional liabilities by having another family to support. The fact that appellant might have another family to support does not relieve him of the responsibilities of supporting his children of a previous marriage. Here we have a case which shows clearly the judgment was based upon an agreement of the parties and approved by the court as to everything except the granting of the divorce, and we do not believe that it is subject to the attack here made. Of course, for a divorce to be properly granted on the grounds of cruelty the acts constituting excesses, outrages or cruel treatment must be established by full, clear and satisfactory evidence and the parties could not by agreement be granted a divorce. Under Article 4639a, Vernon's Ann. Texas Civil Statutes, the trial court has the authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and to make such orders regarding the custody and support of such children. However, in this case the $250 monthly payments were not determined and entered herein under the terms of Article 4639a but was upon a contract made and entered into by the parties and approved by the trial court. We are of the opinion, and so hold, the contractual provisions of the settlement decree or agreed judgment are not subject to modification. Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370.

Judgment of the trial court is affirmed.