**Eleanor Mae DUKE, Appellant,**

v.

**Kenneth E. DUKE, Appellee.**

**No. 7905.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 6, 1969.

Rehearing Granted Nov. 10, 1969.

McCown, Sheehan & Dubuque and Bill Sheehan, Dumas, for appellant.

Lovell, Lyle & Cobb and L. Dean Cobb, Dumas, for appellee.

NORTHCUTT, Justice.

Kenneth E. Duke and Eleanor Mae Duke were man and wife. On May 7, 1965, Kenneth Duke brought a divorce action against Mrs. Duke. On that same date Mr. and Mrs. Duke made and entered into a property settlement agreement. The beginning portion of said agreement is as follows:

> "WHEREAS, certain unhappy differences have arisen between Kenneth E. Duke and his wife, Eleanor Mae Duke, and trouble has developed in their marriage; and

WHEREAS, the parties, Kenneth E. Duke and Eleanor Mae Duke, have been living separately and apart for some time and plan to continue to live separately and apart; and

WHEREAS, it is the desire of the said Kenneth E. Duke and Eleanor Mae Duke that a fair, just and equitable property settlement agreement be worked out between the two of them so that there is a proper fair and equitable manner of dividing their property which they have accumulated as community property during the time of their marriage;

NOW THEREFORE, for and in consideration of the mutual promises and benefits as are herein contained, the parties hereto do hereby enter into this property settlement agreement and would request any court of competent jurisdiction to approve the same upon either party hereto requesting a divorce."

The settlement agreement further provided that Mrs. Duke was to have the custody of their two children and that Mr. Duke was to pay $180.00 per month as child support. The judgment of the court granting Mr. Duke a divorce from Mrs. Duke also provided as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said property settlement agreement filed among the papers of this case on the 7 day of *May*, A.D.1965 be, and the same is hereby approved and is incorporated in this judgment by reference the same as if the same had been copied in full at this point in said judgment. Each party thereto is hereby ordered by the Court to make proper transfer as is agreed to therein and the child support heretofore ordered in the sums herein specified in order to be paid for the length of time as is agreed to by the Plaintiff herein in said property settlement agreement."

On March 29, 1968, Mrs. Duke brought this action, and styled as the original divorce proceedings, for modification of the child support payment asking that the $180.00 per month be increased to $350.00 per month. The court in refusing the request for modification entered the following order:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the monthly child support payments as heretofore ordered by this Court were made pursuant to and in accordance with a contract made and entered into by Eleanor Mae Duke, Cross-Plaintiff herein, and Kenneth E. Duke, Cross-Defendant herein, and that said contractual provisions of the settlement decree and agreed judgment are not subject to modification herein and the Petition for Modification of Support Payments is hereby in all things overruled and Kenneth E. Duke, Cross-Defendant herein, is discharged with his costs, and all costs of this proceeding are adjudged against Eleanor Mae Duke, Cross-Plaintiff herein."

From that order, Mrs. Duke perfected this appeal. Mrs. Duke will hereinafter be referred to as appellant and Mr. Duke as appellee.

The sole issue here involved is whether the trial court erred in refusing to modify the amount of child support and in holding that the contractual provisions of the settlement decree and agreed judgment were not subject to modification. We think it has been well settled in this state that where the duty to make child support arises from an agreement of the parties, their rights and obligations in that respect are governed largely by the rules relating to contracts. It is stated in Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370 as follows:

"However, the Mobley case [Mobley v. Mobley, Tex.Civ.App., 221 S.W.2d 565] clearly announces the principle that this rule has no application in a case such as we have here where the contractual provisions, even though made a part of the decree, do not fall within the statutory orbit. *The contractual provisions in the*

*settlement decree or agreed judgment are neither subject to modification nor can they be enforced by contempt proceedings."* (Emphasis ours)

See also Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177 (writ dismissed) where it is stated:

"This part of the decree does not represent the exercise of the trial court's judgment as to how much stock should be placed in trust and how long it should be kept there, but, on the contrary, this matter was settled by an agreement of the parties, and concerned a matter which could properly be settled by agreement. The trial judge merely approved their agreement. If the stock is being held in trust for too great a period of time it is the result of a bad bargain entered into by appellant, and not the exercise of the judgment of the trial court. This agreement having been entered into by the parties, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties. Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614; Scott v. Fort Worth National Bank, Tex.Civ.App., 125 S.W.2d 356; Smith v. Blanton, Tex.Civ.App., 240 S.W. 651; Snipes v. Snipes, Tex.Civ. App., 174 S.W.2d 741."

See also the case of Morris v. Morris, Tex. Civ.App., 406 S.W.2d 550.

As late as March 1, 1967, the Supreme Court in the case of Francis v. Francis, 412 S.W.2d 29, discussing a matter like this one here involved, stated: "Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it." To the same effect is the case of Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614 (writ dismissed) and also Hutchings et vir v. Bates, 406 S.W.2d 419 by the Supreme Court.

Under Art. 4639a Vernon's Ann. Texas Civil Statutes, the trial court has the authority to inquire into and ascertain the financial circumstances of the parents of such child or children and of their ability to contribute to the support of same and make such orders regarding the custody and support of such children. However, in this case, the $180.00 monthly payments were not determined and entered herein under the terms of 4639a, but were upon a contract made and entered into by the parties and approved by the trial court. We are of the opinion, and so hold, the contractual provisions of the settlement decree or agreed judgment are not subject to modification. The judgment of the trial court is affirmed.

JOY, J., respectfully dissents.

### On Motion for Rehearing

JOY, Justice (dissenting).

I respectfully dissent and would grant the motion for rehearing and reverse and remand.

Our courts are charged with the responsibility of the welfare of minor children in all divorce cases. Parents ofttimes enter into settlement contracts upon divorce that are entered into when one or both parents are under extreme emotional stress and strain. The father sometimes agrees contractually to monthly child support payments and he later finds he is unable to pay. No one would or could quarrel with a court that reduces, by order, an excessive support payment that a parent is financially unable to pay. Conversely, the court has a right, and a duty, to modify that order of support upwards when a father becomes financially able to maintain his own children at a higher standard than he might have agreed to at the time of the divorce. Art. 4639a, R.C.S. was enacted to give the court the necessary authority and power to guard carefully the best interest and welfare of minor children. Judge Dixon in

Murray v. Murray, 350 S.W.2d 593 (Tex. Civ.App. n. w. h.) states:

"The fact that the parties had entered into a contract in regard to child support and that the Juvenile Court recognized the contract, did not deprive the Court of its statutory authority under Art. 4639a to enter an appropriate child support order or later to change its order. Brady v. Hyman, Tex.Civ.App., 230 S.W.2d 342; Mobley v. Mobley, Tex.Civ. App., 221 S.W.2d 565; Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769; Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953."

The Dallas appellate court further quotes from 21 T.J.2d 45–47 as follows:

" 'Under the statute a divorce decree providing for child support payments in accordance with an agreement of the parties may be modified by a subsequent order, and if modified may be enforced by contempt proceedings only as to the modified amount. However, the modification does not affect liability for the contractual amount, and the obligee is entitled to recover delinquent payments based on this contract by the ordinary processes of law for the enforcement of contractual obligations.' "

The majority opinion quotes the Supreme Court in Francis v. Francis, 412 S.W.2d 29, as follows:

"Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it."

That case, however, is not in point here. There were no child support payments involved in the Francis case, merely a property settlement agreement that the plaintiff was attempting to have the court modify. The court was not called upon to determine the question in this case, i. e., does the district court have the authority under Art. 4639a to order the child support reduced or increased, even though the parties have agreed by contract upon divorce to a certain amount?

Clearly, the court has the authority to modify child support payments under Art. 4639a any time that evidence is produced showing that the party paying the support is financially able to pay a higher amount, or is financially unable to pay the amount ordered by prior judgment. See recent decisions Vol. 3, Baylor Law Rev., p. 589.

Whether or not Mr. Duke is financially able to pay a greater amount of support, or a lesser amount, was not decided by the trial court and therefore is not at issue here. Obviously, the trial court was of the opinion that the court could not go into the question of raising or lowering the child support payments. A part of the trial court's order read as follows: " * * * and that said contractual provisions of the settlement decree and agreed judgment are not subject to modification herein * * *." I am of the opinion that the trial court should have heard evidence as to the ability of the supporting parent to pay and had the authority under Art. 4639a to order either a greater amount of child support or a lesser amount based upon the evidence.

I would grant the motion for rehearing and reverse and remand.

DENTON, Chief Justice (concurring).

I am in agreement with the opinion of Justice JOY. The majority of the Court is now of the opinion the judgment of the trial court should be reversed. Appellant's motion for rehearing is hereby granted. The judgment of the trial court is reversed and the cause is remanded.