**Ronald H. LYNDE, Appellant,**

v.

**Roberta A. LYNDE, Appellee.**

No. 15168.

Court of Civil Appeals of Texas, San Antonio.

March 28, 1973.

---

5.   Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519.

Benbow & Gross, John W. Benbow, San Antonio, for appellant.

Stolhandske, Simmons & Stolhandske, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has appealed from an order increasing the child support for his five year old son from $100 per month to $200 per month. Although said child support is set forth in the divorce decree and based upon a finding by the court, it is also a part of the property settlement agreement entered into by both parties.[1]

The couple were divorced on April 30, 1971, and appellee filed this motion on May 15, 1972, to increase the child support to $250 per month. She alleged that the sum of $100 was not sufficient to meet the basic needs of the minor child, and that the cost of maintaining said child in an environment anywhere close to that of appellant was greatly in excess of $100. By trial amendment she alleged that the facts and circumstances "have materially changed," although she made no effort to set forth such facts and circumstances, other than the allegations to the effect that the sum of $100 had proven to be inadequate.

Appellant is a Captain in the Air Force and has a take-home pay of $1,027.96, with total expenses of about $850 including a life insurance premium of $175 per month. He receives an extra $37.20 per month in pay by virtue of his right to claim his son as a military dependent, and also is permitted to claim the son as a dependent for income tax purposes. He, therefore, does not seriously question that he is financially able to pay a maximum of $200 per month at the present time. He urges, however, that the increase of child support was an abuse of discretion in that there was no allegation or evidence of a change of condition so as to justify a modification of the amount set in the divorce decree. In this connection, appellant points out that only appellee was represented by counsel in the divorce proceeding, and the property settlement agreement was drawn by her attorney.

■ Article 4639a, Vernon's Tex.Rev. Civ.Stat.Ann., gives the court granting a divorce continuing jurisdiction to modify the amount of child support until each child attains the age of 18 years. Boney v. Boney, 458 S.W.2d 907 (Tex.1970); Ex parte Mullins, 414 S.W.2d 455 (Tex.1967); Ex parte Hatch, 410 S.W.2d 773 (Tex.1967). This statute provides in part: "Said court shall have power and authority to alter or change such judgments, or suspend the same, *as the facts and circumstances and justice may require*, upon notice to such parent as above provided for, or with his or her consent." (Emphasis ours.) This jurisdiction is to be distinguished from the jurisdiction to change the custody of said children, which must be invoked by a new cause of action subject to the general venue statute and only upon a showing of a material change of condition. Knowles v. Grimes, 437 S.W.2d 816 (Tex.1969); Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (Tex.1940); Strickland v. Strickland, 424 S.W.2d 725 (Tex.Civ.App.—Houston

---

1. The child support provision in the decree not only sets forth the same amount of child support as contained in the property settlement, but also includes the provision in the agreement, which provides for such support until the child reaches 23 years of age, if he is attending college.

[1st] 1968, no writ); XXII Baylor Law Review 497, 499 (1970).

Thus, under the clear language of Article 4639a, the court granting such divorce retains exclusive jurisdiction to modify the amount of child support as the facts and circumstances and justice may require. Nevertheless, it must be recognized that at the time the divorce was granted, the trial court found that the reasonable amount that appellant should pay as child support was $100 per month, and that such finding stands unchallenged.

We have found only one case which squarely considered the legal effect of the original award of child support in a subsequent proceeding to modify same. In Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, no writ), the Court held that although the order of child support is subject to change from time to time as conditions might change, the child support should and will continue at the figure last set by the court, unless some action is taken by the one seeking such change to show a change of conditions. Since there was no evidence in that case to support the order increasing said child support, the order was reversed and remanded to the trial court for proof of changed conditions. Other courts, by dicta, have also said that the right to modify a support provision should be based upon a showing of changed conditions. See Sanders v. Sanders, 469 S.W.2d 313 (Tex.Civ.App.—Houston [14th] 1971, writ dism'd); Danburg v. Danburg, 444 S.W.2d 845 (Tex.Civ.App.—Houston [14th] 1969, no writ); Danburg v. Danburg, 433 S.W.2d 784 (Tex.Civ.App.—Houston [14th] 1968, no writ); Willis v. Willis, 425 S.W.2d 696 (Tex.Civ.App.—Houston [1st] 1968, no writ); Livingston v. Nealy, 382 S.W.2d 511 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); DuPre v. DuPre, 271 S.W.2d 829 (Tex.Civ.App.—Dallas 1954, no writ); 3 Speer's Marital Rights in Texas, Fourth Edition—Oakes, Section 858 (1961).

On the other hand, in Myrick v. Myrick, 478 S.W.2d 859, 861 (Tex.Civ.App.—Houston [1st] 1972, writ dism'd), the Court considered the continuing jurisdiction of the court under Article 4639a to alter the amount of child support and said: "The power of the court to amend the judgment is not made dependent on a showing of changed circumstances. It would be a rare case where a court would change its previous order without a showing of a change of conditions, or of some unusual circumstance justifying a change in the order, but the power to modify the decree remains in the court." [2] Other courts have indicated a similar construction of Article 4639a. See: Davi v. Davi, 456 S.W.2d 238 (Tex.Civ.App.—Texarkana 1970, writ dism'd); Duke v. Duke, 448 S.W.2d 200 (Tex.Civ.App.—Amarillo 1969, no writ); Tharp v. Tharp, 438 S.W.2d 391 (Tex.Civ.App.—Houston [14th] 1969, writ dism'd); DeViney v. DeViney, 269 S.W. 2d 936 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.).

We believe that the continuing jurisdiction of the court granting a divorce to change or alter the amount of child support is correctly stated in Myrick v. Myrick, supra. The statute expressly grants the court granting the divorce exclusive jurisdiction to change or alter said amount of child support as the facts and circumstances and justice may require. This does not necessarily require a showing of changed circumstances, although it would be a rare case where a change would be made without a showing of a change in conditions or some unsual circumstances. Obviously the trial court should discourage repeated hearings which would add to the lack of stability in the child's life caused by the broken home.

The record before us probably presents as close to such a rare situation as can be imagined. The motion to increase was filed just over a year after the divorce

2. This statement must be considered as dictum since the court found that there were changed circumstances because of the father's changed financial condition.

was granted, and with the exception of a $78 dental bill which appellant offered to pay, the child has had no unusual expense. Appellee has found, however, that without any particular training and no employment experience, she is only able to earn a net salary of $315 per month, whereas the minimum living expenses of appellee and the child are approximately $500 per month. Thus, she is forced to rely on the charity of her mother or to secure more child support from appellant. In this situation, while we have little sympathy for the mother who freely entered into such a property settlement in her zeal to secure the uncontested divorce from appellant, there is no reason to penalize the child when appellant is fully able to increase said support payment at the present time.

Therefore, we conclude that the trial court did not abuse its discretion in increasing the child support from $100 to $200 per month under the facts and circumstances and justice required under this record.

The judgment is affirmed.