Roger L. JACKMAN, Appellant,

v.

Margaret JACKMAN, Appellee.

No. 15350.

Court of Civil Appeals of Texas,
San Antonio.

April 30, 1975.

Rehearing Denied and Concurring Opinion
Filed Jan. 21, 1976.

Tyner, Bain & Tyner, Tyler, for appellant.

John M. O'Connell, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Margaret Jackman, and defendant, Roger L. Jackman, were divorced in 1966. Custody of the parties' four children was awarded to plaintiff and defendant was ordered to pay the sum of $100.00 per month per child. On May 14, 1973, plaintiff filed her pleadings seeking an increase in the child support payments to $250.00 per month per child. Defendant appeals from an order, dated May 17, 1974, requiring him to pay the sum of $175.00 per month for each child.

■ Defendant points out that plaintiff's motion to modify the provisions of the 1966 order relating to child support was not sworn to by plaintiff as required by Tex. Family Code Ann. § 14.08(a) (1975). However, the defect in the pleading was not pointed out by defendant by motion or exception in writing and, under the express provisions of Rule 90, Tex.R.Civ.P. (1967), the defect was waived. The lack of verification was called to the attention of the

trial court orally during the hearing, but the objection was limited to the sufficiency of the pleadings to support a conviction for contempt and, as a result of this objection, the motion that defendant be held in contempt was abandoned.

■■ Defendant's contention that plaintiff's testimony concerning the cost per month of "keeping" each child should have been excluded under the "best evidence" rule is without merit. Defendant contends that since the evidence showed that bills and cancelled checks were in existence concerning such expenses, such cancelled checks and bills were the best evidence of the amounts expended by plaintiff for the upkeep of the children. However, the rule which requires the production of document applies only where the purpose of the evidence is to prove the contents of the documents. Evidence to the effect that a payment has been made is admissible without introduction of the bill or the check given in payment. 2 McCormick & Ray, Texas Law of Evidence §§ 1561, 1562, 1566 (2d ed. 1956). In this case, plaintiff was a participant in all of the transactions to which her testimony related, and her testimony was not based on records or memoranda prepared by another.

Defendant assigns as error the failure of the trial court to make additional findings requested by him after the court had filed its original findings of fact and conclusions of law.

■■ The requested additional findings related to evidentiary matters or to facts which were undisputed, as distinguished from contested facts composing the elements of plaintiff's cause of action. A trial court is not required to make findings on facts which are undisputed, nor to embody in its findings detailed statements of the evidence. 4 McDonald, Texas Civil Practice § 16.05 (1971 rev.). The complaint is further without merit because plaintiff has failed to bring forward a bill of exception concerning the trial court's failure to make additional findings. *Zaruba v. Zaruba,* 498

S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Stolte v. Mack Financial Corporation,* 457 S.W.2d 172 (Tex.Civ.App.—Texarkana 1970, no writ); *Dillingham v. Dillingham,* 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

At the time of the divorce in 1966, defendant, a medical doctor, was a major in the armed forces of the United States, and his monthly pay in such capacity was $1,182.73. Plaintiff earned $2,700.10 in 1966.

Defendant has been engaged in the practice of medicine in Quitman, Wood County, Texas, since he resigned his commission in January, 1970. For the year 1971 his income as a sole practitioner was $36,100.00. In 1972 he formed a professional corporation in which he is, for all practical purposes, the sole stockholder. Under this arrangement he is paid a salary of $2,583.33 per month by the corporation. In addition, the corporation pays the sum of $600.00 per month into a retirement trust for defendant and pays the premiums on a life insurance policy for defendant in the amount of $120,000.00. The corporation also furnishes defendant with an automobile at a cost of $168.50 per month.

Since the divorce in 1966 defendant has remarried and has two stepchildren, born to his present wife during a previous marriage. His wife and one stepchild have, from time to time, been employed by the corporation. The evidence does not reflect to any degree of certainty the gross earnings of the professional corporation nor the amount of such earnings which have been retained by the corporation. There is no evidence concerning the value of defendant's stock in the corporation, nor of the stock which he owns in three other corporations.

By the terms of the 1966 divorce decree, defendant has the right, which he has exercised, of claiming the four children born of his marriage to plaintiff as exemptions for income tax purposes.

During the year 1973 plaintiff received, as wages, $12,507.63. She has not remarried, and the four children are William, aged 16, Donald, aged 15, Robert, aged 13, and Karen, aged 10.

Plaintiff's testimony was to the effect that the cost of maintaining the children was $236.00 per month per child. She was able to produce no detailed records relating to each child, and it is apparent that, at least to some extent, she arrived at her figures by ascertaining the monthly expenses for herself and the four children, dividing that figure by 5. Thus, she gave as the cost of shelter for each child the amount of $58.00, which is exactly ⅕ of her monthly mortgage payments. The evidence does show that each child has his own private bedroom. The evidence does not disclose the dimensions of the bedrooms, nor the location and accessibility to the children of the two bathrooms.

There are several cases in which it has been held, or stated by way of dictum, that an award for child support can be subsequently modified only where the person seeking such modification produces evidence to show a change of conditions since the date of the award which is sought to be changed. Other cases have held, or have stated by way of dictum, that the power of the court to change its decree awarding support is not dependent on a showing of changed conditions, although admitting that it would be a "rare case" in which a court would change its previous order without a showing of some change in conditions, or of some unusual circumstance justifying a change in the order. The two lines of authority are reviewed in *Lynde v. Lynde,* 492 S.W.2d 641, 643 (Tex.Civ.App.—San Antonio 1973, no writ), in which case this Court, speaking through Chief Justice Barrow, voiced its approval of the line of cases taking the position that the power of a court to modify its decree setting child support is not dependent on a showing of changed conditions.

■ In any event, the record before us supports the finding of changed conditions

by the trial court. Plaintiff testified, albeit in rather general terms, that in 1967 the monthly cost of maintaining a child was $119.00 per month. The courts judicially know that we have been beset by a spiraling inflation since the original decree was entered, although the extent of such inflation may not be a proper subject of judicial notice. *Angel v. Todd,* 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, no writ). There is testimony to the effect that as children grow older their needs increase, and, clearly, the record establishes a significant change in the income of both parties.

■ Defendant asserts that, in reaching its conclusion, the trial court failed to consider factors favorable to defendant and unfavorable to plaintiff. We find no basis for this contention in the record, and, in the absence of a showing to the contrary, we will presume that the judgment below is based on a consideration of all of the evidence.

Nor can it be said that the trial court, as defendant charges, "erroneously burdened" him "with the primary duty of support . . . and disregarded" plaintiff's "duty to support" the children.

■ Tex. Family Code Ann. § 4.02 (1975) places on each spouse the duty to support the children of the marriage. We have no quarrel with the doctrine that the law imposes on the parents an equal duty to support their children. But this equality does not mean that "the court must divide the burden of support of the minor children equally between the parties" in terms of monetary contributions. *Cooper v. Cooper,* 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The court's order should reflect a due consideration of the respective abilities of the spouses to contribute. Nor should the non-monetary contributions of the parent who has the care, custody and control of the children be ignored, particularly where the other parent, as has defendant in this case, has determined to disassociate himself almost completely from the children. The fact that

defendant's aloofness is based on a sincere conviction, as a doctor, that his course of action is best for the emotional health and stability of the children does not erase the fact that plaintiff, by assuming the sole burden of guidance, counselling and ministering to their physical and psychological needs is making a substantial and important contribution.

No useful purpose would be served by attempting to review the opinions dealing with specific instances of awards for child support. The fact that each case must stand on its unique facts precludes the statement of rules which can be followed with any degree of confidence. The cases, perhaps, do yield a plentiful supply of quotable phrases which, by careful selection, can be utilized to justify affirmance or reversal in any given case.

■ A review of the entire record in this case will not support the conclusion that, in increasing the contribution required of the father from $400.00 per month to $700.00 per month, the trial court abused the broad discretion vested in it in cases of this nature. The fact that the award can fairly be classified as generous is not a sufficient basis for condemning it as unreasonable.

The judgment of the trial court is affirmed.

BARROW, Chief Justice (concurring).

I concur in the result. I would add that appellant, upon timely request, should have been permitted to examine the records that appellee said she used as a basis for her testimony.