**Stephen A. DORSHAW, Appellant,**

v.

**Susan C. DORSHAW, Appellee.**

No. 2372cv.

Court of Appeals of Texas, Corpus Christi.

May 13, 1982.

Rehearing Denied June 3, 1982.

tions following the reading of the charge, oral argument, etc.

John W. Lee, John W. Lee & Associates, Houston, for appellant.

Louis A. Crapitto, Houston, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This appeal is taken from an order of the 311th District Court, Harris County, modifying a decree of divorce. Appellee, appellant's ex-wife and managing conservator of their minor daughter, filed her motion to modify said decree, (incorporated into which is an agreement providing for child support payments by appellant in the amount of $170.00 per month,) seeking an increase in said payments. The order made subject of this appeal granted appellee's motion, increased appellant's payments to $400.00 per month, and awarded appellee's attorney $750.00 in attorney's fees.

In his first point of error, appellant asserts that the trial court erred in modifying the child support provisions of the agreement, contending that the agreement was contractual in nature and not subject to modification absent a showing of fraud, accident or mistake. In support of this proposition, appellant cites this Court to two cases in which it was held that the trial court was without power to modify agreements similar to the one here in issue decreasing the amount of child support provided for therein, when the managing conservatorship of one or more of the children had been changed from mother to father. *Boyd v. Boyd*, 545 S.W.2d 520 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Lee v. Lee*, 509 S.W.2d 922 (Tex.Civ.App.—Beau-

mont 1974, writ ref'd n.r.e.). The rule relied upon by appellant is set out in *Boyd*, supra, thusly:

"A consent judgment which is rendered pursuant to a written agreement becomes a contract between the parties as well as an adjudication between them. The provisions of such a contract, in the absence of fraud, accident or mistake, should not be set aside or modified except by the consent of the parties." 545 S.W.2d at 523.

It appears to us that the adoption by the Legislature of the Family Code mandates a holding on our part that, in a situation such as this, the consent of the parties is no longer a prerequisite to the modification of a child support agreement. Specifically, we refer to § 14.06(d) of that legislation wherein it is stated that the terms of a child support agreement are not enforceable as a contract unless the agreement so provides. No such provision exists in the agreement before us. We interpret § 14.-06(d) to mean that unless the parties stipulate that the agreement is to survive the judgment and be enforceable as a contract, contract law no longer governs.

Moreover, reference should be had to § 14.08 which provides, in pertinent part:

"After a hearing, the court may modify an order or a portion of a decree that provides for the support of a child...." Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon's Supp.1980).

In agreements such as the one here in issue, that is, one not enforceable by its terms as a contract, we find guidance in the language from *Duke v. Duke*, 448 S.W.2d 200 (Tex.Civ.App.—Amarillo 1969, no writ), wherein the Court held:

"Our courts are charged with the responsibility of the welfare of minor children in all divorce cases.... No one would or could quarrel with a court that reduces, by order, an excessive support payment that a parent is financially unable to pay. Conversely, the court has a right, and a duty, to modify that order of support upwards when a father becomes financially able to maintain his own children at a higher standard that he might have agreed to at the time of the divorce." 448 S.W.2d at 202 (on motion for rehearing).

It is abundantly clear that it was within the trial court's power to enter the order here in issue. Accordingly, appellant's first point of error is overruled.

Appellant's second and third points allege error in the findings of fact filed by the trial court in which it was found that, pursuant to the original divorce decree, appellant was "ordered" to make child support payments. It is appellant's position that since the child support agreement was contractual, it was not implemented by order of the court. We believe this alleged error, if any, on the part of the court in so finding, to be superfluous to the disposition of this case. Having already determined that the court below was empowered to issue its modification order regardless of whether the child support payments were provided for by order or by decree, we need not pass on this point.

In his final points of error, appellant challenges the sufficiency of the evidence to support the trial court's increase of appellant's payments, and the award of attorney's fees. We will overrule both of these points.

The court is empowered to modify an order or decree providing for child support payments upon a finding that the circumstances of the child or other persons effected thereby "have been materially and substantially changed since the entry of the order or decree...." Tex.Fam.Code Ann. § 14.08(c)(2). There was ample testimony in the trial court, from both parties hereto, to the effect that in the four years since the entry of the divorce decree appellee's income has remained the same, if not decreased, and that appellant's had increased twofold. As in the case of *Jackman v. Jackman*, 533 S.W.2d 361 (Tex.Civ.App.—San Antonio 1975, no writ), there was testimony that established a significant change in the income of the parties, as well as testimony to the effect that as children

grow older their needs increase. And, as noted in that case, the courts may take judicial notice of the effect of spiraling inflation upon divorce decrees. *Id.* at 364. Additionally, it appears that the minor child, whose interest is the primary concern of the courts, has required hospitalization, surgery, and continuing medical attention since her parents' divorce, the entire burden of which has been shouldered by appellee. The trial court has broad discretion in matters relating to child support. *Doss v. Doss,* 521 S.W.2d 709, 712 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Dennis v. Dennis,* 512 S.W.2d 699, 701 (Tex.Civ.App.—Tyler 1974, no writ). We are not prepared to hold that the court below has abused that discretion.

▆▆▆ The trial court is granted discretion in determining attorney's fees in domestic relations matters. *Hayes v. Hayes,* 378 S.W.2d 375, 381 (Tex.Civ.App.—Corpus Christi 1964, writ dism'd); *Casterline v. Burden,* 560 S.W.2d 499, 502 (Tex.Civ.App.—Waco 1973, no writ). Attorney for appellee took the witness stand and, under oath, outlined the tasks he had undertaken to perform on appellant's behalf in regard to this matter, his usual hourly fee, the amount of time he had actually expended and suggested a figure of $1,150.00 to the court. The amount actually awarded represents 65% of the amount requested. In so doing, we do not believe that the trial judge abused his discretion.

The judgment of the trial court is AFFIRMED.

NYE, Chief Justice, concurring.

I respectfully concur. The majority, by way of dicta, in its opinion states that the adoption of the Family Code mandates a holding in line with the quoted provisions of *Duke v. Duke,* 448 S.W.2d 200 (Tex.Civ. App.—Amarillo 1969, no writ). The statements in the majority opinion are not only wrong, they have absolutely nothing to do with the result in affirming the trial court in this case. In *Duke,* (not followed by other courts), the court allowed a modification of a contractual agreement to pay child support, based on the reasoning that a court has a responsibility for the welfare of minor children in all divorce cases. I disagree with *Duke* and that portion of the majority opinion which stands for the proposition that even if the parties to a divorce decree contractually agree to child support that has been approved by the trial court, the court may later modify that contract when it appears to be in the best interest of the child.

A consent judgment which is rendered pursuant to a written agreement becomes a contract between the parties as well as an adjudication between them. The provisions of such a contract, in the *absence of fraud, accident or mistake,* should not be set aside or modified except by the mutual consent of the parties. *Mikeska v. Mikeska,* 584 S.W.2d 565 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Boyd v. Boyd,* 545 S.W.2d 520 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). See also: *Hutchings v. Bates,* 406 S.W.2d 419 (Tex.1966), *aff'g* 393 S.W.2d 338 (Tex.Civ.App.—Corpus Christi 1965) [such contractual obligations can be enforced against a deceased spouse's estate, even though such personal service type contracts are not otherwise enforced]. Accordingly, if a consent agreement is incorporated into a divorce decree, and if the agreement provides that it may be enforced by contract terms, the trial court may not modify the child support provisions. See: Tex.Fam.Code Ann. § 14.06(d) (Vernon 1975).

In order for a divorcing couple to enter into a contractual agreement, they must follow the terms set forth in Sec. 14.06 of the Family Code. This section provides that if

"... (b) the court finds the agreement is not in the child's best interest, the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them."

The truly best interest of a child may better be served by a written contractual agreement whereby the parties have established property, funds, trusts or other security for the child's support which may last far beyond the statutory age of support obligation. Such contractual agreements, when scrutinized by the court after taking into consideration all of the property of the parties, the financial ability of the parties to earn, and the child's needs, could and have in many instances proved to be a far better arrangement than a court-ordered child support provision that can change up or down depending on changed conditions or the child's alleged best interest.

To permit such a holding as the majority would interpret the Family Code would place in jeopardy all such agreements that have heretofore been entered into in good faith, and all of those which may be determined for the best interest of the child in the future. It would serve no purpose to enumerate the many benefits that such agreed contractual arrangements would afford the parties or the child. It would also not serve any purpose to speculate on the ingenuity of attorneys who, by contract, tax advantage, or other arrangements, can preserve a substantial estate for a child as a result of a divorce settlement agreement. Such arrangements far exceed the amount that a trial court could or would award under the Family Code.

Before a contractual agreement for child support should be accepted and incorporated into a divorce decree, the trial court must find that the agreement is in the best interest of the child now and for the future. Thus, the trial court is given in such cases, the added responsibility of protecting the best interest of the child against future contingencies. However, once the trial court approves the agreement dividing the parties' property and awards support money upon that basis, there is then no power to modify the decree at a later date, (absent fraud, mistake or accident). This can be a settling situation for all parties involved. Later, a suit to enforce the terms of such contractual agreement is not one brought under the Family Code. Instead, it is an action which must be brought under the common law. See: *Carson v. Korus*, 575 S.W.2d 326 (Tex.Civ.App.—San Antonio 1979, no writ).

Inasmuch as the agreement therein was not a court-approved contractual agreement, I concur with the result reached by the majority.