**Katherine Ernestine PETTIT, Appellant,**

v.

**Carter W. PETTIT, Appellee.**

**No. 09–90–119 CV.**

Court of Appeals of Texas,
Beaumont.

Oct. 31, 1991.

John F. Pettit, Conroe, for appellant.

Jimmie Price, Price & Price, Conroe, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment. Appellant and appellee were divorced in 1987. They had entered into an agreement incident to divorce and that agreement had been incorporated into an agreed decree. In 1989 appellant filed a motion to increase the child support payments. Appellee filed a motion for summary judgment on the basis that the agreement was a contract and that the consent decree was not subject to modification absent a showing of fraud, accident, mistake or mutual consent of the parties. The motion was based solely upon the legal issue that the contractual agreement precluded the trial court from considering the modification. The motion was not based upon the premise that there were no genuine issues of material fact concerning any changed conditions. The trial court well understood the legal issue before the court when the order granting the motion for summary judgment stated: "Accordingly, if a consent agrement [sic] concerning Chapter 14 subject matter—i.e., conservatorship, support and possession of children, is incorporated into a divorce decree, found by the court to be in the best interest of the children, and provides that the terms are enforceable as a contract, the trial court may not modify the provisions of such agreement." Appellant now appeals.

The trial court obviously felt he was without authority to consider the factual allegations of the motion. The courts of appeal are divided concerning this legal issue. In *Comeaux v. Comeaux,* 767 S.W.2d 500 (Tex.App.—Beaumont 1989, no

writ) this court, with this writer dissenting, reversed a trial court's holding that a contractual child support agreement could not be modified. As part of its rationale, the court stated at 503:

> We take the position that child support agreements are sui generis. They have a purpose and a place all their own. Child support payments should be treated in a separate manner and in a mode that is consistent with their true function and correct purpose. We have done so. We reject the sterile concept that, if the child support payments are approved in the divorce decree, the same cannot be, as asserted by Appellee, attacked collaterally once the judgment is final. We determine that such conceptualistic, unrealistic thinking is simply out of place in the modern-day world of numerous, tragic divorces involving minor children.

As early as 1969, the Amarillo court in *Duke v. Duke*, 448 S.W.2d 200 (Tex.Civ. App.—Amarillo 1969, no writ) held that contractual child support provisions were subject to court modification. *See also Matter of Marriage of Edwards*, 804 S.W.2d 653 (Tex.App.—Amarillo 1991, no writ). In *Alford v. Alford*, 487 S.W.2d 429 (Tex.Civ.App.—Beaumont 1972, writ dism'd w.o.j.) this court noted the rule that a court did not have authority to modify the terms of a settlement agreement except by consent of the parties. This rule was again followed in *Lee v. Lee*, 509 S.W.2d 922 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.). *Ruhe v. Rowland*, 706 S.W.2d 709 (Tex.App.—Dallas 1986, no writ) adopted the rule for the Dallas court. Later that same year, the Eastland court in *Huckeby v. Lawdermilk*, 709 S.W.2d 331 (Tex. App.—Eastland 1986, no writ) rejected *Ruhe*, and held a court could modify a child support order despite a contractual agreement. This holding was reaffirmed in *Woodley v. Bruton*, 796 S.W.2d 304 (Tex. App.—Eastland 1990, writ denied). The majority opinion in *Dorshaw v. Dorshaw*, 635 S.W.2d 783 (Tex.App.—Corpus Christi 1982, no writ) acknowledged the holding of *Duke* as guidance, but found a distinction in their case due to the absence of any provision that the child support agreement

should be enforceable as a contract. However, the concurrence in *Dorshaw* rejected the holding in *Duke* and any inference in the *Dorshaw* majority opinion which stood for the proposition that the court could modify a contractual provision when it appeared in the best interest of the child. Recently in *Hoffman v. Hoffman*, 805 S.W.2d 848 (Tex.App.—Corpus Christi 1991, writ denied) the court found a decree could be modified since it was separate and distinct from the contractual agreement. Most recently in *Hill v. Hill*, 819 S.W.2d 570 (Tex.App.—Dallas 1991, n.w.h.) Chief Justice Enoch declared it against public policy to allow the common law of contracts to "effectively prevent other courts from carrying out their duty to increase the amount of court-ordered child support when required by the best interest of the children...."

While this is by no means an exhaustive study, it appears the Amarillo, Eastland, Corpus Christi and Dallas Courts of Appeal now adhere to the modification rule. Our court was one of the early leaders in the "a contract is a contract" rule with *Comeaux* being a deviation. Not only does stare decisis dictate following *Comeaux* and allowing a modification hearing, but it is the better reasoned rule to allow courts to perform their statutory function and consider modifications in the face of contractual agreements. Consequently we reverse the summary judgment.

REVERSED AND REMANDED.

BROOKSHIRE, Justice dissenting.

Appeal of the granting of a motion for summary judgment. The appellant and appellee were divorced by agreed or consent decree on January 16, 1987. On August 23, 1989, the appellant filed a motion to modify seeking an increase in child support payments. This motion was not signed by Katherine Pettit or verified by any one. Appellee filed a motion for summary judgment on the basis that the Agreement Incident to Divorce and the Decree were contractual in nature and that the consent Decree was not subject to modification ab-

sent a showing of fraud, accident, mistake or mutual consent of the parties. The trial court, after duly considering the motion for summary judgment and the response, entered its order granting the said motion. The appellant now appeals.

The appellant avers two points of error. They are as follows:

There are genuine issues of material fact that preclude the granting of summary judgment in favor of CARTER W. PETTIT, as appears from the pleadings and affidavits submitted in opposition to the Motion for Summary Judgment.

The Court erred in granting the summary judgment in that although the parties agreed that child support was fixed in the divorce decree, they further agreed that it was subject to further order of the Court, concerning any modification.

For the sake of clarity, the pertinent provisions of the agreed consent order or decree are set forth as follows:

"The Court finds that Petitioner and Respondent have entered into an agreement containing provisions for conservatorship and support of the child. The Court finds that the agreement is in the child's best interest.

"The best interest of the child will be served by appointing Petitioner and Respondent Joint Managing Conservators of the child.

\*　\*　\*　\*　\*　\*

"IT IS ORDERED, ADJUDGED AND DECREED that CARTER WAYNE PETTIT will pay to KATHERINE ERNESTINE PETTIT child support of $150.00 per month payable on or before January 5, 1987 and a like amount be due and payable on the same day of each and every month thereafter until the child reaches the age of 18 years, and further so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, in which the child graduates, marries, dies, or the child's disabilities are otherwise removed for general purposes; the child is otherwise eman-

cipated, or until further order of the Court.

\*　\*　\*　\*　\*　\*

"SIGNED this 16 day of January, 1987.

/s/ JOHN MARTIN
JUDGE PRESIDING
Sitting as 221st
"APPROVED AS TO FORM:
/s/JOHN F. PETTIT
JOHN F. PETTIT
Attorney for Petitioner
500 Interfirst Bank Bldg.
Conroe, Texas 77301
Telephone: 539–3110
TBC# 15862000
/s/KATHERINE ERNESTINE PETTIT
KATHERINE ERNESTINE PETTIT
Petitioner
/s/CARTER WAYNE PETTIT
CARTER WAYNE PETTIT
Respondent"

Importantly, the Agreed Decree included pertinent language of Chapter 14 of the Texas Family Code.

Additionally, the Divorce Decree provides the following:

"The Court finds the parties have entered into an Agreement Incident to Divorce. The Court approves the agreement and makes it part of the decree as if it were recited verbatim."

The Agreement Incident to Divorce provides as follows:

"The Parties agree as follows:

"4.06　*Child Support*

"Concerning child support, the parties stipulate as follows:

"1. That they presently earn approximately the same income, that being approximately $28,000.00 per year; that CARTER will pay child support to KATHERINE in a specified amount to equalize the burden for providing for support to the child as being in the best interest of the child and based upon the fact that KATHERINE will have possession of the child for most of the time as the primary custodial parent. Further, that good cause exists that income withholding not be provided in this case.

"Accordingly, CARTER will pay to KATHERINE child support of $150.00 per month payable on or before January 5, 1987 and a like amount be due and payable on the same day of each and every month thereafter until the child reaches the age of 18 years, and further so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, in which the child graduates, marries, dies, or the child's disabilities are otherwise removed for general purposes; the child is otherwise emancipated, or until further order of the Court.

\* \* \* \* \* \*

"ARTICLE 7

"General Provisions

"7.01 *Approval by Court*

This agreement will be submitted for approval to the Court having jurisdiction of the divorce. If a decree of divorce is not rendered and signed within 90 days from the date of this agreement, this agreement will be void. This agreement is made in accordance with Section 3.631 of the Texas Family Code.

"7.02 *Agreement Voluntary and Clearly Understood*

"Each party to this agreement:

"(a) is completely informed of the facts relating to the subject matter of this agreement and of the rights and liabilities of both parties;

"(b) enters into this agreement voluntarily after receiving the advice of independent counsel;

"(c) has given careful and mature thought to the making of this agreement;

"(d) has carefully read each and every provision of this agreement; and

"(e) completely understands the provisions of this agreement, as to both the subject matter and the legal effect.

\* \* \* \* \* \*

"7.10 *Entire Agreement*

"This Agreement Incident to Divorce supersedes any and all other agreements, either oral or in writing, between the parties relating to the rights and liabilities arising out of their marriage. This Agreement Incident to Divorce contains the entire agreement of the parties.

"7.11 *Partial Invalidity*

"If any provision of this agreement is held by a Court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions will nevertheless continue in full force and effect without being impaired or invalidated in any way.

"7.12 *Waiver of Breach*

"The waiver by one party of any breach of this agreement by the other party will not be deemed a waiver of any other provision of this agreement.

"7.13 *Amendment or Modification*

"This agreement may be amended or modified only by a written instrument signed by both parties.

\* \* \* \* \* \*

"7.16 *Law Governing Agreement*

"This agreement shall be governed by, and shall be construed in accordance with the laws of the State of Texas.

"7.17 *Attorney's Fees and Expenses for Enforcement*

"Reasonable attorney's fees and expenses of a party incurred in successfully prosecuting or defending a suit under this agreement against the other party or the other party's estate will be recoverable by the successful party in such action.

"7.18 *Place of Performance*

"All rights, duties, and obligations under this agreement are payable and enforceable in Montgomery County, Texas.

\* \* \* \* \* \*

"EXECUTED in multiple originals on the date of the acknowledgements shown below, with originals for the parties and their attorneys and one to be filed among the papers of this cause.

/s/KATHERINE ERNESTINE PETTIT
KATHERINE ERNESTINE PETTIT
/s/CARTER WAYNE PETTIT
CARTER WAYNE PETTIT

APPROVED:

/s/JOHN F. PETTIT

JOHN F. PETTIT

Attorney for Petitioner

500 Interfirst Bank Bldg.

Conroe, TX 77301

Telephone: 593–3110

TBC# 15862000"

The Texas Family Code in § 14.06 provides that parties may enter into a written agreement concerning provisions for conservatorship and support of their children. Section 14.06 reads as follows:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child, and appointment of joint managing conservators under Section 14.021 of this code.

(b) If the court finds the agreement is not in the child's best interest the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

See TEX.FAM.CODE ANN. § 14.06 (Vernon 1986).

The Supreme Court of Texas has interpreted § 14.06(d) as requiring that the parties to the agreement must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms for that remedy to be available. *Elfeldt v. Elfeldt*, 730 S.W.2d 657 (Tex. 1987). This writer concludes from the language as used by the parties that they desired and intended the terms of the agreement to be enforceable as contractual terms especially as to conservatorship and support.

In the appellant's first point of error, she contends that there exists a material issue of fact. The appellant attempts to support this contention by offering her affidavit. In appellant's affidavit, she avers that the terms of the Agreement Incident to Divorce was never intended by either party that the matters concerning the child could not be modified after the granting of the divorce and the Court's order concerning conservatorship, visitation and access and child support. I cannot agree with the appellant that a fact issue existed on this basis.

The language used by the parties in their Agreement Incident to Divorce is explicit, unequivocal, plain and definite that they intended the Agreement to be enforced under the laws of contract. The trial court found such to be in fact the intent of the parties.

It must be stressed that the Agreement was prepared jointly by both parties. Katherine had advice and assistance of counsel. Carter had no attorney. The Agreement should be interpreted fairly and simply according to its own terms. The Agreement contains the entire contract and understanding. Appellant makes no contention that a breach of the Agreement has occurred. The mutual Agreement is not to be strictly interpreted or construed against either party. Appellant even freely and voluntarily agreed that the Agreement could be amended or modified only by a written instrument signed by both parties. The draftsmanship of the Agreement was so thorough and scholarly that a provision was made concerning the future possibility of the filing and the trying of an Equitable Bill of Review.

The trial court states in the Order Granting Summary Judgment in Suit Affecting the Parent–Child Relationship that:

It is evident that the consent decree entered in this cause on January 16, 1987, complied, in every respect, with the requirements of Section 14.06, Texas Family Code. The agreement was found

to be in the child's best interest; its terms were set forth in the decree; the parties were ordered to perform them; *and the agreement provided that such terms were enforceable as a contract. The decree was approved, both as to form and substance, and signed by both parties and their respective attorneys. It is clear that the parties intended that the Chapter 14 provisions of this consent decree be enforceable as a contract under the provisions of Section 14.06(d) and strictly complied with every provision of Section 14.06 to achieve that purpose.* (Emphasis added)

Appellant's first point of error should be overruled.

Appellant contends in her second point of error that even though they agreed that the child support was fixed in the divorce decree, it was subject to further order of the court concerning any modification.

The Texas Family Code § 14.06 provides that parties to a suit affecting the parent-child relationship are authorized to enter into an agreement that is binding upon the court absent a finding that the agreement is not in the best interest of the child. And § 14.06 further removes any doubt as to the effect of such agreements and the court's duty regarding them. The terms of the agreement as set forth in the decree are subject to enforcement by all remedies available for enforcement of a judgment and are also enforceable as a contract if the agreement so provides as does the Agreement in question before us.

The appellant has not pleaded fraud, accident or mistake nor has she pleaded modification by mutual consent of her and appellee. It is quite obvious that the appellee did not consent to any modification.

It is quite evident based on the facts and pleadings that the consent order signed by the trial court on January 16, 1986, complied strictly entirely with the requirements of § 14.06. It is important that this writer reiterate again the trial court finding at the time of entry of the Agreed Decree of Divorce, that as a matter of law, that the agreement was in the child's best interests, that all of its terms were set forth in the decree, that the parties were ordered to perform all terms thereof and that the agreement specifically and plainly provided that all of the terms of the decree were definitely enforceable as a contract. Again, the consent decree was approved both as to form and substance, and signed by the appellant and the appellee, as well as the appellant's attorney, John F. Pettit.

In *Dorshaw v. Dorshaw*, 635 S.W.2d 783 (Tex.App.—Corpus Christi 1982, no writ), Justice Nye in his concurring opinion wrote:

A consent judgment which is rendered pursuant to a written agreement becomes a contract between the parties as well as an adjudication between them. The provisions of such a contract, in the *absence of fraud, accident or mistake,* should not be set aside or modified except by the mutual consent of the parties. [cases omitted] Accordingly, if a consent agreement is incorporated into a divorce decree, and if the agreement provides that it may be enforced by contract terms, the trial court may not modify the child support provisions.

In *Comeaux v. Comeaux*, 767 S.W.2d 500 (Tex.App.—Beaumont 1989, no writ), we find:

Agreements incident to divorce, even though the same are incorporated into a final divorce decree, are correctly considered as contracts.

It is apparent from these cases that the appellate courts have universally held, both prior to and subsequent to the adoption of the Family Code, that a consent judgment which is rendered pursuant to an agreement becomes a contract between the parties as well as an adjudication between them. So in accordance with the above language, if the consent agreement is incorporated into the divorce decree, as in the case at bar, and found by the trial court to be in the best interest of the child or children, and provides that the terms are enforceable as a contract; then the trial court is correct in *not* modifying the provisions of agreement absent a substantial change of relevant conditions.

After a careful reading and analysis of Appellant's summary judgment proof, this writer is constrained to hold that the judgment below must be affirmed. Appellant's affidavit concedes that she entered into an Agreement Incident to Divorce with her former husband and that both Katherine and Carter jointly requested that the Agreement be fully approved by the court. Katherine vows that she did not agree that the Agreement would survive the Decree of Divorce but the language of that instrument definitely proves the contrary. Somewhat startlingly, the Appellant reaffirmed that the Agreement was a Contract. Katherine, the mother, failed to show any material change in her condition or the condition of the child or any affected person. Katherine's affidavit simply fails to raise any material fact issue.

Appellant Katherine simply fails to come within the purview of TEX.FAM.CODE ANN. § 14.08 (Vernon 1986). Nowhere in the Appellant's summary judgment proof can I find any factual language to the effect that the circumstances of the child or a person affected have materially and substantially changed since the date of the rendition of the court's order or decree sought to be modified. Appellant fails under § 14.08; Appellant also fails under TEX.R.CIV.P. 166a, entitled "Summary Judgment".

Appellant's affidavit failed to set forth such facts as would be admissible in evidence. Simply put, the Appellant repeatedly insists that the child support was fixed in the Agreement and in the Divorce Decree but that the child support was subject to a further order of the court; but what the appellant fails to do is to bring forth proper summary judgment proof demonstrating genuine issues as to material facts relevant to materially and substantially changed conditions of the child or of a person affected. Rule 166a(f); TEX.FAM. CODE ANN. § 14.08.

As a separate and independent basis for decision, I would affirm the judgment below pursuant to the mandatory provisions of Rule 166a(f) and § 14.08(c). No materially changed facts or circumstances exist in this record to bring into play TEX.FAM.CODE ANN. § 14.08(c)(2). I recognize and freely acknowledge that our Court is charged with the responsibility and best welfare of a minor child or children in divorce cases. I attempt to be zealous in protecting these minor children of divorce. Both trial courts and appellate courts have a right, duty and obligation to modify support orders when indicated or justified by the changed facts and circumstances. No summary judgment proof of evidence is before us tending to show or demonstrating that the conditions and circumstances of the child, Kathryn [sic] Brooke, or any person affected have been materially and substantially changed since the divorce decree was handed down. *Hoffman v. Hoffman,* 805 S.W.2d 848 (Tex.App.—Corpus Christi 1991, n.w.h.).

Appellant, Katherine, significantly filed an affidavit in the summary judgment proceeding. Her affidavit did not comply, I opine, with TEX.R.CIV.P. 166a and especially subsection (f) thereof. The well-established rule is that her motions or her pleadings are not summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Katherine's own affidavit reaffirmed the fact that prior to her appearance at the divorce proceeding, she had entered into an Agreement Incident to Divorce with her former spouse. This Agreement was requested by them jointly to be approved by the court. Then, perhaps, the main thrust of her affidavit is that she did not agree to the Agreement in the sense that it would not survive the date of the judgment or decree of divorce—but this contention is wholly negated by the wording of the Agreement itself.

The appellant-affiant also concedes and admits that at the time the *Agreement was signed the signing was done in the presence of her attorney and was fully approved by her and by her attorney.* Carter, the husband, had no counsel. He certainly had none of record at that time.

Katherine sets out the provision in the Agreement concerning child support. The affidavit in substance demonstrates that each party to the divorce was earning ap-

**568**

proximately the same income, being $28,-000 per year, and that Carter would pay (in accordance with the Agreement) child support to equalize the burden of providing for the support of the child, *and that this equalizing of the burden would be in the best interests of the child.* Katherine was to have possession of the child most of the time as the primary custodial parent.

Despite the fact that Katherine swore that she did not intend for the Agreement to have any effect whatsoever after the date of the divorce judgment, the child support provision specifically provided for support until the child reached the age of 18 years and further so long as the child is or shall be fully enrolled in an accredited primary or secondary school in a program leading towards a high school diploma, from which school the child graduates, or marries, dies, or the child's disabilities are removed, or the child is otherwise emancipated or until further order of the court. Certainly, Katherine did not intend or anticipate that the divorce would continue to pend undecided on the trial court docket until the child finished high school.

Katherine further swears that it was her understanding and intent that upon signing the Agreement that the same Agreement could be repudiated at any time prior to the granting of the divorce. However, it was not repudiated and the divorce was timely granted.

In this opinion this writer does not desire to be understood as holding that under an appropriate summary judgment proof pursuant to TEX.FAM.CODE ANN. § 14.08 entitled "Modification of the Order", that a further order of the court could not be properly entertained and entered. A further order of the court could be properly entered provided, inter alia, that *the circumstances of the child or either conservator or any party affected had materially and substantially changed since the date of the rendition of the order or the decree sought to be modified.* Sections 14.08(c)(1)(A); 14.08(c)(2). However, mere conclusional statements, even in an affidavit, are not sufficient or admissible proof in

a summary judgment proceeding. Rule 166a.

I do want to make it glaringly clear that the Pettit case before us is diametrically different from *Comeaux v. Comeaux,* 767 S.W.2d 500 (Tex.App.—Beaumont 1989, no writ). In the *Comeaux* case, the child of the marriage, being a male child, had moved into the home of his father. The son had stayed with the father for some considerable time. In fact, there had been a formal change in the court-ordered conservatorship favoring the father. Simply stated, the son, Stephen, had been living with his father for a number of months. Yet, for a considerable period of time, the father had paid the child support to the mother after Stephen was living with his father. The mother was not using the child support for the benefit of the child. We held in *Comeaux* that the child support payments should be for the benefit of the child. The case before us today is diametrically opposite on its facts. The child of the marriage is still with Katherine. The dramatic facts of the *Comeaux* case distinguish it from this appeal. I perceive no intention to overrule *Comeaux, supra.*

The basic thrust of Katherine's affidavit is that she simply did not intend for the Agreement to have any efficacy after the date of divorce. But the Agreement itself glaringly and conclusively proves the contrary.

Concerning the Agreement, Katherine has not pleaded fraud, accident, mistake, duress or mutual mistake or other defect or infirmity. She does not plead breach of contract or breach of Agreement; and Katherine, by her affidavit, has certainly raised none of these issues that would vitiate or set aside the contract or the Agreement by any proper or correct summary judgment proof. The Agreement was made in full compliance with TEX.FAM.CODE ANN. § 14.06. The same was obviously executed in an effort to promote and it did, indeed, promote an amicable settlement of the questions between the parties to the divorce. The Agreement was also totally harmonious with § 3.631. Again, the Agreement promoted amicable and harmo-

nious settlements of disputes. The Agreement was totally approved by the trial court.

Katherine does not plead or bring summary judgment proof to attack or set aside the judgment on the basis of extrinsic fraud or overreaching or duress or accident or mistake or any other defect or infirmity. No viable attack is made upon the judgment itself, or, for that matter, upon the Agreement of the parties.

The language and the purpose of §§ 3.631 and 14.06 will be ignored and, indeed, overturned if the trial judge is overruled. A salutary public policy would be defeated. However, it should be understood that if there is a material or a substantial change in the circumstances of the child or of a person affected or of the mother or of the father; then, certainly I understand that § 14.08 would come into full play.

The majority opinion dogmatically contends that the motion for summary judgment was based solely on a legal point. If that position be valid, then it certainly precludes any grounds for modification based on changed circumstances under this record.

The majority opinion cites *Hill v. Hill,* 819 S.W.2d 570 (Tex.App.—Dallas 1991, n.w.h.). I have no quarrel whatsoever with Chief Justice Craig Enoch's reasoning, rationale, or judicial philosophy in *Hill.* But our appeal is vastly different from *Hill.* This appeal does not reach the questions raised in *Hill, supra.*

The wording of TEX.FAM.CODE ANN. § 14.-06(a) and the wording of § 3.631(a) are very similar and pronounce a public policy of promoting amicable settlements. Our judicial function is to undergird the legislative intent. Section 14.08 is not reached under this record. Therefore, I do not endeavor to set any order of priorities as amongst §§ 3.631, 14.06, and 14.08. The priority issue is not reached. Obvious and evident is the lack of any material change of condition. This total lack is manifestly proved by Katherine's own affidavit.

The Court does not reach the rights and remedies of Carter Pettit, father, relevant to his positions, defenses, remedies or recoveries, if any, under the Contract Agreement or under the Divorce Decree.

Even if the majority is right (which I do not concede), then the proceedings below and here cannot fit into Rule 166a. Hence, the majority, if correct, should dismiss the appeal. Respectfully, I am constrained to dissent.